**PAYNE et al. v. ROSS, County Treas.**

No. 12146—Opinion Filed Oct. 9, 1923.

(Syllabus.)

**Counties—Tax Limit for "Current Expenses" —Road and Bridge Fund.**

A county levy for general road and bridge fund of the county is part of the current expenses of the county, and such levy together with other levies for current expenses cannot exceed the limit fixed by section 9692, Comp. Stat. 1921.

Error from District Court, Le Flore County; E. F. Lester, Judge.

Action by John Barton Payne, Federal Agent, and the St. Louis-San Francisco Railway Company against J. N. Ross, County Treasurer of Le Flore County. Judgment for defendant, and plaintiffs bring error. Reversed and remanded, with directions.

Stuart, Sharp & Cruce, for plaintiffs in error.

D. C. McCurtain and James Babb, for defendant in error.

COCHRAN, J. This action was instituted by plaintiff in error to recover taxes paid by it under protest. This appeal involves levy made for general road and bridge purposes which, added to levies made for other current expense, amounted to 4.75 mills. It is the contention of the plaintiff in error that the levy in excess of four mills was excessive and illegal. This contention is based on section 9692, Comp. Stat. 1921, which provides:

"In all counties, the total levy for current expenses of each county, city, town, township or school district shall not exceed in any one year the following: County levy not more than four mills, provided that any county may levy not exceeding one mill additional in aid of the common schools of the county. * * *"

The levy in the instant case for current expenses other than road and bridge purposes was 3.75 mills, for roads and bridges .96 mills, and, if the levy for roads and bridges is construed to be an item of current expense, it is conceded that the levy exceeded the statutory limit. It must be construed as being a part of the current expense within the meaning of this statute unless there is some special statute authorizing a levy for road and bridge purposes in addition to the current expense levy of not more than four mills. The only additional statute in this regard is found in section 5, ch. 30, Session Laws 1916, which amended section 2, art. 3, ch. 173, Session Laws 1915, and which authorized the county excise board to levy in addition to the one mill authorized for common school purposes a levy of onefourth of one mill upon all property in said county subject to taxation upon an ad valorem basis for road purposes, which amount, together with the other authorized levies, should not exceed a total of eight mills, and which levy, under the provisions of section 5, ch. 226, Session Laws 1917, is appropriated for the construction and maintenance of state roads. In the instant case, it appears that the excise board made a levy under the provisions of the foregoing acts of .73 mills for the construction of state highways, and the .96 mills which was levied for road and bridge purposes could have been added to the levy made for the construction of state highways if the total levy for all purposes would have been within an eighth mill limitation. Unless it can be considered that although the levy was made separately from

the levy made for the construction of state highways, it should, nevertheless, be considered a portion of the levy made under authority of the law authorizing the levy for state highway purposes, this levy for general road and bridge purposes must be considered a part of the levy for current expenses and is excessive to the amount of .75 mills.

An examination of the statutes above referred to, authorizing a levy for construction of state highways, discloses that when the act was originally passed in 1915 it was the intention of the Legislature to permit the counties to make a levy of one-fourth of a mill to match a levy of one-fourth, mill to be made by the state under the provisions of section 1, art. 3, Session Laws of 1915, and that the money raised by the state levy was to be paid over to the county only upon a levy of one-fourth mill by the county and compliance with certain provisions of the act relative to the approval of plans and specifications by the State Department of Highways. This act was amended in 1916 so that the county was authorized to levy an amount which, taken with the other levies authorized by law, would not exceed a total of eight mills, and, by the provisions of section 5, ch. 30, Session Laws 1916, the money derived from the levy for state highway construction is limited to the improvement of state roads and no part thereof can be expended for the improvement of other roads. The levy made by counties for general road and bridge purposes can be used by the county commissioners in the improvement of any of the roads or bridges of the county and is not limited to improvements for state highways. It is therefore apparent that the levies are separate and distinct and are levied for entirely different purposes and are handled in a different manner. We would, therefore, not be authorized in treating the levy made for general road and bridge purposes as a levy made under the provisions of the statute for the construction of state highways. Having reached this conclusion, it is apparent that the levy for general road and bridge purposes must be treated as part of the levy for current expenses, and, when added to the levy made for other current expenses, exceeded the statutory limit of four mills, and a levy so made is excessive to the amount of .75 mills.

The judgment of the trial court is reversed, and cause remanded, with directions to enter judgment for plaintiff in accordance with the views herein expressed.

JOHNSON, C. J. and McNEILL, NICHOLSON, and MASON, JJ., concur.