## ST. LOUIS-SAN FRANCISCO RY. CO. v. FORBESS, Co. Treas.

No. 14881—Opinion Filed June 23, 1925.

**1. Counties — Taxation — Current Expense Fund—What Included.**

The current expense fund of a county includes all items of expenditures which the Legislature has authorized to be made during any fiscal year and for which no special additional levy is expressly authorized. Road and bridge construction and repair, not in aid of any state road project, and the holding of free county fairs, have been authorized, but their cost must be included in the current expense fund levy, because no special or additional levy for these purposes has been authorized.

**2. Municipal Corporations — Incorporated Towns—Tax Levies—General and Sinking Funds.**

An incorporated town in this state may, by vote of the people, make a general fund levy in excess of 4 mills, but not beyond 10 mills by reason of constitutional limitations. The sinking fund levy must be limited to the amount actually needed in any fiscal year to take care of the legal charges against that fund. Any levy made by the excise board in excess of these limitations is void as to such excess, and one paying such excess tax under protest is entitled to its recovery.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Caddo County; Frank Mathews, Assigned Judge.

Action by St. Louis-San Francisco Railway Company against F. H. Forbess, County Treasurer, to recover certain alleged excessive taxes paid under protest. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

This action was commenced January 21, 1922, by plaintiff filing its petition in the district court of Caddo county wherein it was alleged, in substance, that it had paid within the time provided by law to the defendant as county treasurer the first half of its 1921 taxes assessed against it in Caddo county, and that at the time of the payment

of said taxes it delivered to said county treasurer its written protest against certain items of said taxes claimed in said protest to be illegal, and notified said county treasurer not to disburse the same, and that plaintiff would commence action for the recovery of said alleged illegal portions of taxes so paid within 30 days from the payment thereof; that the taxes so alleged to be illegally assessed and charged against the plaintiff amounted to the sum of $247.-03 in favor of Caddo county, $219.37 credited to the general fund of Cyril City and $24.13 credited to the sinking fund of said Cyril City situated in Caddo county, and that said taxes and assessments and the collection thereof in the above amounts were unauthorized and illegal, and plaintiff prayed for a recovery of such illegal portions of said taxes so paid by it under protest as aforesaid. The petition also included other counts, but these were dismissed before trial.

March 8, 1922, defendant filed its answer to plaintiff's petition, said answer consisting of a general denial. Defendant afterwards filed an amended answer and cross-petition, to which answer and cross-petition plaintiff demurred. Thereafter on February 5, 1923, by leave of court defendant withdrew his answer to plaintiff's petition and filed his demurrer thereto. This demurrer to the petition was by the court sustained, but this order was afterwards vacated and said demurrer was overruled. Thereupon plaintiff dismissed as to its causes of action numbered 3 and 4, and the cause went to trial. At the close of plaintiff's evidence defendant demurred thereto, which demurrer was by the court sustained and judgment rendered in favor of defendant. After unsuccessful motion for new trial plaintiff has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

W. F. Evans and Stuart, Sharp & Cruce, for plaintiff in error.

George F. Short, Atty. Gen., and Randall S. Cobb, Asst. Atty. Gen., for defendant in error.

Opinion by LOGSDON, C. Plaintiff's numerous assignments of error are presented in its brief under three propositions substantially as follows: First, that the trial court erred in sustaining the demurrer of defendant to plaintiff's evidence relating to illegal levies for county purposes; second, that the trial court erred in sustaining said demurrer to plaintiff's evidence relating to the

general fund levy for Cyril City; third, that the trial court likewise erred in sustaining said demurrer to plaintiff's evidence relating to the sinking fund levy for Cyril City.

The county tax levy included .80 mills for road and bridge fund, .07 mills for free fair fund, and .20 mills for "all other" agriculture, in addition to 3.93 mills for current expense fund. At the time this case was tried the question of whether these items for road and bridge fund, free fair, and "all other" agricultural purposes were legal in excess of the general fund levy for current expenses had not been presented to and determined directly by this court. However, in October, 1923, in the case of Payne, Federal Agent, et al. v. Ross, County Treasurer, 95 Okla. 273, 219 Pac. 144, this court passed directly upon the road and bridge fund levy and held that it is a part of the current expense of the county and must be included within the limits of that fund as fixed by Comp. Stat. 1921, sec. 9692. The levy for free fair purposes is also classed as a current expense and not a legal additional levy in the case of St. Louis-San Francisco Ry. Co. v. McIntosh, County Treasurer, 103 Okla. 246, 229 Pac. 1064, and by parity of reasoning from these two decisions levied for "all other" agricultural purposes was clearly intended by the Legislature to be included within the fund for current expenses, the entire levy to be confined within the limits prescribed by section 9692, supra. Since there is no conflict in the evidence as to these three levies being intended as levies additional to the current expense fund levy, it follows that the trial court erred as a matter of law in sustaining the demurrer to plaintiff's evidence as to these three items.

Under the second proposition it appears that 4 mills is the legal limit of levy for general fund purposes in the town of Cyril City under section 9692, supra, unless an additional levy is authorized by a vote of the people. An election was held and an additional levy authorized, but this additional levy made the general fund levy exceed the limit of 10 mills prescribed by Const., art. 10, sec. 9, the total general fund levy being thereby increased from 4 mills to 14 mills, instead of 10 mills. This excess levy above 10 mills, being in violation of the above cited constitutional limitation, is illegal and the trial court therefore erred as a matter of law in sustaining the demurrer to the evidence as to this item.

As to the third proposition the record discloses that the estimated needs of the town of Cyril City for sinking fund pur-

poses, as certified to the excise board by the proper town officers, amounted to $880. including 10 per cent. for delinquent taxes. The assessed valuation of the property in the town of Cyril City was $276,835. To raise the sum of $880 on this valuation a levy of 3.2 mills was all that was required. The excise board made a levy of 4.3 mills. This excessive levy was unauthorized. St. Louis & S. F. Ry. Co. v. Amend, County Treasurer, et al., 44 Okla. 602, 145 Pac. 1117; St. Louis & S. F. Ry. Co. v. Haworth, 48 Okla. 132, 149 Pac. 1086. It was therefore erroneous to sustain the demurrer to this evidence.

It is insisted, however, in behalf of defendant that the demurrer to the evidence was properly sustained because it was not shown that the first half of the taxes assessed were paid within the time provided by law, nor that summons in the action was served on the county treasurer within 30 days after such payment. It is alleged in plaintiff's petition that it paid the first half of the taxes assessed "on the —— day of December, 1921," and that "at the time of the payment of said taxes, the plaintiff, as provided by law, delivered to the defendant, G. H. Forbess, as said county treasurer, its protest in writing against the payment and collection of said taxes." These allegations of the petition are not denied. An answer had been filed by defendant, but was withdrawn by leave of court and not refiled. The protest referred to in the above allegation was introduced in evidence and bears date of December 28, 1921. It is signed by the treasurer of the plaintiff. In the protest it is stated "that said St. Louis-San Francisco Railway Company now pays to to you the sum of $7,555.33 demanded by you, said sum being the first half of all taxes claimed by you." This language shows the payment of said taxes and the delivery of the written protest to be contemporaneous acts, and, considered with the undenied allegations of the petition, shows that said payment was made, if at all, between December 28 and 31, 1921. A stipulation signed by the attorneys for plaintiff and by the county attorney was introduced in evidence, and the first paragraph thereof shows that the first half of said taxes were paid. The return on the summons shows that it was served on G. H. Forbess, county treasurer, in person January 23, 1922. Therefore, this contention of defendant in support of the judgment is without merit.

It is further urged by defendant that no recovery can be had by plaintiff as to the second half of the taxes, which were paid under protest June 13, 1922, because no summons was ever served on defendant as to the second half. This was by reason of the stipulation entered into between attorneys for plaintiff and the county attorney June 7, 1922. It is insisted that the county attorney had no authority to enter into a stipulation waiving service of summons on the county treasurer. This question is not before this court in this proceeding. No amended or supplemental petition was filed, nor was any new action commenced and consolidated with the instant action by order of the court. The stipulation was introduced in evidence and the third paragraph thereof simply amounts to an agreement that the disposition of the second half of the taxes shall be dependent on the final determination of the instant action involving the first half. The merits of the controversy would be the same as to each half of the taxes. If the county is not entitled to the protested excess of the first half of these taxes it certainly cannot in good conscience claim the protested excess of the second half upon the ground that plaintiff ill-advisedly relied on the stipulation of the county attorney. Board of County Commissioners v. Barber Asphalt Paving Co., 83 Okla. 54, 200 Pac. 990.

For the reasons herein stated the judgment of the trial court should be reversed and remanded, with directions to the trial court to overrule defendant's demurrer to the evidence of plaintiff, and to render judgment for plaintiff in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. p. 584, §285. (2) 28 Cyc. pp. 1665, 1667, 1668.