**FRANKLIN v. RYAN, County Treasurer, et al.**

No. 17400.   Opinion Filed May 17, 1927.

Rehearing Denied June 14, 1927.

(Syllabus.)

**Highways—Maximum Levy for County Highway Fund.**

Chapter 48, Session Laws 1923-24, amends section 10202, C. O. S. 1921, and authorizes the county excise boards of the state to levy an additional tax for the county highway fund, which tax, together with the maximum amount allowed counties for current expenses under section 9692, C. O. S. 1921, may not exceed eight mills.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Wirt Franklin against M. S. Ryan, County Treasurer of Oklahoma County. and his successor in office. Judgment for defendant, and plaintiff brings error. Affirmed.

Adelbert Brown and Gordon Stater, for plaintiff in error.

J. K. Wright, Co. Atty., and W. F. Smith, Asst. Co. Atty., for defendants in error.

LESTER, J. The parties to this action on appeal occupy the same relative position as in the district court.

The sole and only question for determination in this case is whether a levy of 2.32 mills for the county highway fund, as made by the county excise board of Oklahoma county for the fiscal year beginning July, 1924, being in excess of 4 mills for current expenses without an election being held thereon, is legal.

The matter of assessing road levies for the various counties in the state has for many years been one of confusion. In cases where it appeared that such levies were made for the road and bridge fund of the counties of the state it has been held that such levies must come within the 4-mill levy for such county. But where a levy was made by the excise boards of the state for county road and construction fund under the provisions of section 10202, C. O. S. 1921, although in excess of the maximum levy for current expenses of the county and not exceeding eight mills, such levies have been sustained by this court.

The authorization for the so-called road and bridge fund levy which the county may include in its current expense is to be found in section 9698, C. O. S. 1921, and in so far as it relates to roads and bridges, reads as follows:

"* * * For construction of new bridges, so itemized as to show the location of each proposed bridge and the amount appropriated therefor, separately stated; for maintenance and repairs on bridges; for construction and maintenance of state roads (appropriation in lieu of one-fourth or other mill levy for county road construction fund); for opening and changing roads, and costs incident to condemnation proceedings to obtain right of way for roads; for machinery. tools and equipment for road work; for equipment for working convicts on road work and compensation of guards therefor; for each other expenditure as may be necessary and authorized by law but not herein enumerated. * * *"

This court has held that levies made under the above provision must come within the 4-mill levy for the current expenses of the county.

The latest expression of this court on said provision is to be found in the case of Bristow Battery Co. v. Payne, County Treasurer,

et al., 123 Okla. 137, 252 Pac. 423, and is as follows:

"Section 9692, Comp. Stat. 1921, provides that the total levy for current expenses for each county shall not exceed in any one year more than 4 mills.

"A county levy for general road and bridge fund of the county is part of the current expenses of the county, and such levy, together with other levies for current expenses, cannot exceed the limit fixed by section 9692, Comp. Stat. 1921.' Payne v. Ross, 95 Okla. 273, 219 Pac. 144; St. L. & S. F. Ry. Co. v. McIntosh, 103 Okla. 246, 229 Pac. 1064.

"The agreed statement of facts being 'that the levy of two mills was made to satisfy the requirements of the county highway purposes, and that no election was held authorizing an increased levy,' and it being admitted that such levy was in excess of the limitation provided by section 9692, supra, the judgment for the plaintiffs for the amount of said levy was fully warranted."

Much discussion has been occasioned on account of the opinion announced in the Bristow Battery Co. v. Payne, County Treasurer, et al., supra, in so far as it relates to the road levy. We have quoted the entire reference made in said opinion relating to the road levy, and we are of the opinion that Mr. Commissioner Dickson clearly had in mind the county road and bridge levy as contained in section 9698, C. O. S. 1921, and prior to the adoption of chapter 48, Session Laws 1923-24.

The authority to make a levy for county road and construction fund, prior to the enactment of chapter 48, S. L. 1923-24, is to be found in section 10202, C. O. S. 1921, and reads as follows:

"That, whereas section 2, article 3, chapter 173, Session Laws of Oklahoma, 1915, reads as follows:

"'Section 2. The county excise board in each county in the state is hereby authorized, at the option of said board, to make a levy of one-fourth of one mill upon all property in any said county subject to taxation upon an ad valorem basis; said levy when made and collected shall be converted into a county road construction fund, and shall be used for the construction and maintenance of county highways. under the supervision of the board of county commissioners as provided in this act; provided. that in order to carry into effect the provisions of this act, the county board may levy for current expenses of said county not to exceed eight (8) mills.'

"It is hereby declared. that the meaning and intent of said section is as follows:

"Section 2. In addition to the one-mill levy authorized for common school purposes and in addition to the levies authorized for current county expenses by chapter 195, Session Laws 1913, the county excise board in each county in this state is hereby authorized, at the option of said board, to make an additional levy for road purposes upon all property in said county subject to taxation upon an ad valorem basis, in an amount which, together with the aforesaid levies authorized to be made in said chapter 195, Session Laws 1913, shall not exceed a total of eight (8) mills; said additional levy when made and collected shall be credited to the county road construction fund, and shall be used for the construction and maintenance of state highways under the supervision of the board of county commissioners as provided in this act.'"

This court, in the case of Schaff, Receiver, v. Borum, County Treasurer, 82 Okla. 284, 200 Pac. 191, and Simmons v. Stuckey, County Treasurer, et al., 113 Okla. 200, 241 Pac. 124, held that a levy made in accordance with section 10202, C. O. S. 1921, which exceeded the 4-mill levy for current expenses of the county, was valid.

We think in the instant case the validity of the levy in question is dependent upon certain sections and paragraphs thereof as contained in chapter 48. Session Laws 1923-24, which, in part, are as follows:

"A. The state highway system shall be designated by the Highway Commission, and be composed of inter county and interstate highways, and embracing at least five (5%) per cent. of the county highway system of each county.

"B. When the State Highway Commission shall have taken over any highway, or part thereof, as a state highway, said State Highway Commission shall become responsible for the construction. repair and maintenance of such highways and for this purpose shall be authorized to use any funds in the state highway fund, together with any money derived from any agreement entered into between the State Highway Commission and the federal government, any county, or township, or any citizen or group of citizens who have made donations for that purpose.

"C. The county highway shall be composed of all roads within any county. designated as such by the county commissioners less any part of any road or roads which will be taken over as a state highway by the State Highway Commission; provided. the county commissioners shall not designate more than twenty-five per cent. (25%) of their public highways as county highways. It shall be the duty of the county commissioners of each county to designate. construct and maintain as county highways, those roads which best serve the most people in

their travels from points in the county to trade centers of said county, and for this purpose the county commissioners are authorized to use any funds which are in their county highway fund, together with any money derived from any agreement entered into between the State Highway Commission and the federal government, and county or township, or any citizens who have made donations for that purpose. Provided, further, that the county commissioners, of the various counties, shall have exclusive jurisdiction over the designation, construction and maintenance and repair of all of said county highways and bridges thereon.

"F. All moneys raised for the use on the county highways in each county, or apportioned to each county for road purposes, from any source, including all funds and monies heretofore used by the board of county commissioners derived by law, levy, taxation, or apportionment and which have heretofore been known as the county road maintenance fund, state highway construction fund, construction of state highway fund, and all of the funds and revenues which have been made up of ad valorem taxation, automobile license taxes, one-fourth of one mill levy, and gross production tax going to the various counties for county road purposes, shall be placed in the county treasury in a fund to be known as the county treasury fund, to be expended on order of the county commissioners without the supervision of the State Highway Commission, on county highways, as defined herein or on state highways, within their respective counties, if in the judgment of the county commissioners such expenditure would be just and equitable and for the best interest of the county. Townships are also authorized to participate with their funds and labor in the construction of the state highway or county highways, constructed in that particular township, in the discretion of the township government. All moneys collected, apportioned or received from any source by any county for road purposes under existing statute law of this state, are hereby diverted in the county highway fund, which shall consist of the ad valorem tax levy, provided for in section 10202, Compiled Oklahoma Statutes, Annotated, 1921, and all monies heretofore received as automobile license tax, provided for in section 10139, Compiled Oklahoma Statutes, Annotated, 1921, and all monies heretofore received from gross production tax, which is now apportioned as provided for in section 9822, Compiled Oklahoma Statutes, Annotated, 1921, to be expended by the county commissioners as provided by this act."

It is thus observed that paragraph F of section 8 of said act re-adopts section 10202, C. O. S. 1921, by providing that moneys raised under said section be used in the county highway fund.

Again, in section 22 of said act it is provided that:

"When the county excise board shall have levied the tax provided for in section 10202, C. O. S. 1921, the State Treasurer shall pay out to the county treasurer the amount due said county, from the levy made in section 10204, to be deposited by said county treasurer in the county highway fund."

Again, in section 23, chapter 48, S. L. 1923-24, we find this language:

"Provided, that in all places in any of the Compiled Oklahoma Statutes, 1921, or the Session Laws of 1923, providing for the construction and maintenance of the roads and bridges, of the state, where the words 'state road.' or 'state highways,' are used, the same shall be construed to mean 'county roads' or 'county highways.' "

Section 23, above quoted, clearly strikes out the purpose for which the levy under section 10202 was originally made, to wit, for the construction and maintenance of state highways, and substitutes therefor to be used for "county roads" or "county highways."

From a careful reading of the various provisions of chapter 48, Session Laws 1923-24, it is clearly shown that the authority to make an additional levy as provided for in section 10202, C. O. S. 1921, is amended to the end that instead of using the money for the construction and maintenance of state roads in the counties of the state the levy shall be made for the use of the county highway fund and to be spent on county roads.

It appearing in the instant case that the levy was made by the county excise board for the county highway fund as designated under the terms and provisions of chapter 48, Session Laws 1923-24, together with the provisions contained in section 10202, C. O. S. 1921, we conclude that such levy was valid and legal.

The plaintiff calls our attention to section 3, chapter 167, Session Laws 1925, which is as follows:

"The Department of Highways shall take over and maintain the state roads and highways as now designated. Provided, that should the department of highways lessen the mileage of state roads in any county as now designated, then the State Highway Department shall pay to the county treasurer in said county to be credited to the county highway fund, the amount of money that would be required to maintain the mileage of road that was deducted from the state road as now designated in that county."

This section does not in any manner alter

the effect of chapter 48, Session Laws 1923-24, in so far as it relates to and amends section 10202, C. O. S. 1921, nor does it alter the right of the excise board to make a levy under and by virtue of chapter 48. Session Laws 1923-24, or section 10202. C. O. S. 1921. as amended.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON. HUNT. CLARK. RILEY, and HEFNER, JJ., concur.

Note.—See 29 C. J. pp. 728 729, §494.