**ALFORD v. BONAPARTE, County Treasurer.**

No. 17838.  Opinion Filed May 17, 1927.

Rehearing Denied June 14, 1927.

(Syllabus.)

1. **Counties—Validity of Tax Levies—Additional Legislative Apportionment of Levies in Excess of Maximum for Current Expense.**

Where the Legislature has authorized an additional apportionment of tax levies for counties and other municipal subdivisions of the state in excess of the maximum amount allowed for current expense, as provided in section 9692, C. O. S. 1921, and such additional apportionment, together with the levies previously authorized, does not exceed the constitutional limitation, the decision of the Legislature in such matters is conclusive and binding upon the courts.

2. **Same—Levy Authorized for Boys' and Girls' Homes.**

Section 2, chapter 161, Session Laws 1925, authorizes a levy for boys' and girls' homes of not more than ½ mill in excess of the maximum amount allowed counties for current expenses under section 9692, C. O. S. 1921.

3. **Same—Levy for Free Fairs.**

Section 8, chapter 38, Session Laws 1925, authorizes a levy for free fairs of not more than ¼ of one mill in excess of the maximum amount allowed counties for current expenses under section 9692, C. O. S. 1921.

4. **Same—Levy for Tubercular Patients.**

Section 8970, C. O. S. 1921, authorizes a levy for tubercular patients of not more than one mill in excess of the maximum amount allowed counties for current expenses under section 9692, C. O. S. 1921.

5. **Same—Levy for Separate Schools.**

Section 9698, C. O. S. 1921, authorizes a levy for the support of separate schools in excess of the maximum amount allowed counties for current expenses under section 9692, C. O. S. 1921.

6. **Same—Levy for County Highway Fund.**

Chapter 48, Session Laws 1923-24, amends section 10202, C. O. S. 1921, and authorizes the county excise boards of the state to levy an additional tax for the county highway fund, which excess, together with the maximum amount allowed counties for current expenses under section 9692, C. O. S. 1921, may not exceed 8 mills.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action by J. M. Alford against E. B. Bonaparte, County Treasurer of Oklahoma County. Judgment for defendant, and plaintiff brings error. Affirmed.

Adelbert Brown and Gordon Stater, for plaintiff in error.

J. K. Wright, Co. Atty., and W. F. Smith, Asst. Co. Atty., for defendant in error.

LESTER, J.  The parties occupy the same position as in the district court.

The plaintiff brought an action seeking to recover certain items of taxes levied against his property by the excise board of Oklahoma county.

A demurrer was sustained in the district court to the plaintiff's first and second causes of action.

The plaintiff refused to plead further, and judgment for the defendant was entered by the district court, from which judgment the plaintiff prosecutes this appeal.

The plaintiff's first cause of action alleged that each of the following items was illegally levied against his property for the fiscal year 1925-26:

| | | |
|---|---|---|
| Current expense | 4.00 | mills |
| Boys' and girls' home | .15 | mills |
| Free fairs | .122 | mills |
| Treatment of tubercular patients | .206 | mills |
| Separate schools | 1.58 | mills |
| County highway | .902 | mills |
| Total | 6.96 | mills |

The plaintiff in his petition alleged that the entire levy was illegal for the reason that such levy was not made by the proper authorities.

We have examined the petition of the plaintiff on this point, together with the authorities submitted in plaintiff's brief, and find that the court did not err in sustaining the demurrer to said allegation in plaintiff's petition.

It clearly appears that the citizens' excise board was unconstitutionally created, It further appears, from the plaintiff's petition, that no attempt was ever made by the said board to function as an excise board.

The plaintiff in his petition alleged that a levy of .15 mills for boys' and girls' homes was illegal. The authority to make a levy for this purpose is to be found in section 2, chapter 161, Session Laws 1925, and reads as follows:

"For the purpose of purchasing sites, erecting or enlarging buildings, purchasing equipment, repairing or remodeling buildings or equipment and for the purpose of defraying the maintenance cost and current running expenses of such schools and homes, the excise board of each county hereby authorized to establish and conduct such schools and homes, is hereby authorized, in addition to all other levies, to make an annual levy upon all property in the county subject to taxation upon an ad valorem basis, of not to exceed one-half of one mill per annum, which is hereby declared not to be a current expense, and to be for a special purpose, known as county supervised school and home fund, in addition to the maximum levy for current expenses now provided by law."

The above provision authorizes a levy for the purpose specified therein and also provides that the same shall be in excess of the maximum levy for current expenses. We hold that the levy herein made, under said section, is legal.

The plaintiff also challenged the right of the excise board to make a levy of .122 mills for free fairs. The authority for this levy is to be found in section 8, chapter 38, Session Laws 1925, which reads as follows:

"That section 3655, C. O. S. 1921, be and the same is hereby amended to read as follows:

"Section 3655. For the purpose of defraying the expense of holding county and township fairs as herein provided, the excise board of each county shall make an annual levy upon all taxable property in the county, of not exceeding one-fourth (¼) of one (1) mill, per annum, which is hereby declared not to be a current expense and to be for a special purpose known as the 'Free Fair Fund' in addition to the maximum levy for current expenses now provided by law."

We sustain the levy herein made for free fairs under the above section.

The plaintiff in his petition also challenged the right of the excise board to make a levy for tubercular patients, which levy was fixed by the excise board at .206 mills. We find that section 8970, C. O. S. 1921, authorizes this levy in the following language:

"For the purpose of defraying the expense of transportation, and treatment of patients afflicted with tuberculosis at the district sanatoria herein provided for, the excise board of each county is authorized to make an annual levy upon all property in the county, subject to taxes, on an ad valorem basis, of not exceeding one mill per annum, which is hereby declared not to be a current expense and to be for a special purpose, known as 'Tuberculosis Fund', in addition to the maximum levy for current expenses now provided by law."

The plaintiff also challenged the authority of the excise board to make a levy of 1.58 mills for separate schools. Section 9698, C. O. S. 1921, requires the excise board to make levies for the benefit of the separate and common schools of this state, which is in part as follows:

"* * * For the separate schools of the county, if any, with amounts for the purchase of grounds in each district, the erection or purchase of buildings in each district, the salaries of the teachers, and all other maintenance expense in each district, separately stated, and in such amounts as may be necessary to provide accommodations, facilities, and school term in the separate schools, if any, in each district in the county equal to the accommodations, facilities and school term provided for the other regular public schools in the same district, even though such appropriations require a levy exceeding the limit otherwise provided by acts of the Legislature on the levy for all county purposes, * * *"

The levy for separate schools herein is sustained by virtue of the above section.

The plaintiff also in his petition challenged the right of the excise board to make a levy of .902 mills for the county highway fund. This exact question has, on this date, been decided against the contentions of the plaintiff in an opinion by this court in the case of Wirt Frank'in v. M. S. Ryan, County Treasurer, 125 Okla. 161, 256 Pac. 932, and we adopt the principle announced therein as controlling on the question of the legality of said county highway fund levy.

The plaintiff has other assignments of error which we have examined, and we find that these assignments are without merit, and are not prejudicial to the plaintiff.

Judgment is affirmed.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 15 C. J. p. 636, §349. (2, 3, 4, 5) 15 C. J. p. 634, §348 (Anno); p. 637, §349. 15 C. J. p. 637, §349; 29 C. J. p. 729, §494.