**ST. LOUIS-S. F. RY. CO. v. BAILEY, Co. Treas.**

No. 18162. Opinion Filed May 24, 1927.

Rehearing Denied July 5, 1927.

(Syllabus.)

1. **Highways — County Highway Fund — Limit for Levy.**

Chapter 48, Session Laws 1923-24, amends section 10202, C. O. S. 1921, and authorizes the county excise boards of the state to levy an additional tax for the county highway fund, which tax, together with the maximum amount allowed counties for current expenses under section 9692, C. O. S. 1921, may not exceed eight mills.

2. **Municipal Corporations — Bond Issue Payable in Installments—Amount of Annual Tax Levy for Sinking Fund.**

Where a municipal subdivision of the state authorizes and creates a bonded indebtedness, and such bonds are issued on the same date and for the same purpose, and said bond issue is made payable in equal installments at intervals of five, ten, fifteen, and twenty years thereafter, said bonded indebtedness, under article 10, section 26 of the Constitution of Oklahoma, and section 9698, C. O. S. 1921, is to be construed as one transaction and a levy for a sinking fund accrual, in order to provide for the payment of said installments, should be made equally each year, and arriving at the amount necessary to retire said bonds, it is necessary to divide the total amount represented in such bond issue by the number of tax-paying years between the date of said issue and the retirement of said issue

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by the St. Louis-San Francisco Railway Company against Frank H. Bailey, County Treasurer of Craig County. From the judgment, plaintiff brings error; defendant filing cross-appeal. Affirmed.

E. T. Mil'er and Stuart, Cruce & Franklin, for plaintiff in error.

Clay M. Roper, Co. Atty., and Edward H. Brady, Asst. Co. Atty., for defendant in error.

LESTER, J. The parties to this action appear in the relation as in the district court.

The plaintiff filed its petition in the district court in which is challenged the legality of a levy of 2.75 mills for the county highway fund, which levy was in excess of the levy made by the county excise board for current expenses of said county. This question was decided against the contentions of the plaintiff in the court below, and is here presented for review.

The plaintiff in its petition also challenged the correctness of a levy for the benefit of the sinking fund of school district No. 65 in said county, in which plaintiff alleged that said levy was in excess of .7 mills. This issue was decided in favor of the plaintiff and the defendant filed a cross-appeal to reverse the judgment entered thereon by the district court.

We have carefully examined the brief of the plaintiff pertaining to the levy made by the county excise board of Craig county, relating to the county highway fund, and the exact question here involved was decided in an opinion by this court against the contentions of the plaintiff in the case of Wirt Franklin v. M. S. Ryan, County Treasurer, et al., 125 Okla. 161, 256 Pac. 932, and this court adopts the rule laid down therein as applicable to the instant case, in which this court held that:

"Chapter 48, Session Laws 1923-24, amends section 10202, C. O. S 1921, and authorizes the county excise boards of the state to levy an additional tax for the county highway fund, which tax, together with the maximum amount allowed counties for current expenses under section 9692, C. O. S. 1921, may not exceed eight mills."

Judgment of the district court on this assignment of error is affirmed.

The cross-appeal of the defendant presents to this court for review the judgment of the district court rendered in favor of the plaintiff for .7 mills as being in excess of the amount necessary to provide proper accruals for a sinking fund for school district No. 65.

The agreed statement of facts relating to the levy for the sinking fund of school district No. 65 is as follows:

"Upon the fourth cause of action, it is agreed that for said year 1925, the county excise board made a levy for the benefit of school district No 65, among others, of 3.7 mills for the sinking fund requirements; that in computing said rate of 3.7 mills, said county excise board took into consideration and estimated accrual in the total amount of $3,166.66 as accrual for said year upon a certain bond issue, dated May 17, 1921, issued in four (4) separate bonds, due, respectively, five (5), ten (10), fifteen (15) and twenty (20) years from said date; that on the first bond, due in five (5) years from date, in the principal sum of $10,000, accrual of $2,000 for said year, was appropriated, and on the $10,000 bond due in ten (10) years from date, an accrual of $1,000

was appropriated for said year, and on the one due fifteen (15) years from date, $666.-66 was appropriated, and on the one due twenty (20) years from date, $500 was appropriated. That had the accrual on said bond issue in the total amount of $40,000 been set and appropriated at $2,000 for said year, the rate necessary to be levied for sinking fund requirements for said school district would have been reduced by the .7 of a mill; that the valuation of plaintiff's property in said school district for said year was $116,749.00 and .7 thereon amounts to $81.72."

It appears that the said district had caused to be issued a bond issue in the sum of $40,000, payable in installments of five, ten, fifteen, and twenty years, respectively; that it was sought to raise by tax levy the sum of $2,000 each year as accrual for the sinking fund on the installment due in five years, and concurrently the sum of $1,000 per year on the installment due in ten years; and also the sum of $666.66 on the installment due in fifteen years, and also the sum of $500 on the installment due in twenty years, making a grand total of $4,166.66 (instead of $3,-166 66 as erroneously calculated in the agreed statement of facts herein).

The taxing authorities under the above method would thereby provide a sinking fund to retire said bond issue the sum of $4,166.66 each year for the first five years, thus making a total of $20,833.30 at the end of five years. At the end of ten years, under said plan, there would be collected the additional sum of $10,830, making a grand total of $31,660 for the first ten years of said bond issue, which sum would equal more than two-thirds of the entire bond issue.

Defendant on cross-appeal cites section 26, article 10, of the Constitution of Oklahoma, which reads as follows:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount, including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness: Provided, that any county, city, town, township, school district, or other political corporation, or subdivision of the state, incurring any indebtedness, requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five years from the time of contracting the same."

Under the facts in the instant case, it is clearly shown that the bonded indebtedness of the school district was created by the school district for one purpose, and one issue, and at one time and made payable in installments of $10,000 at intervals of five, ten, fifteen, and twenty years; therefore, the act of the school district in issuing said bonds constituted one transaction, and said bond issue being in the sum of $40,000 and running for a period of twenty years, it was only necessary to raise an annual accrual each year of an equal amount for a period of twenty years for the sinking fund accrual and to retire said bond issue.

The judgment of the district court in favor of the plaintiff on account of the excess levy for the said sinking fund accrual is affirmed.

BRANSON, C. J., and HARRISON, HUNT, PHELPS, and CLARK, JJ., concur.

Note.—See under (1) 29 C. J. p. 729, §494. (2) 28 Cyc. p. 1640.