### PRINCE, Co. Treas., v. ATCHISON, T. & S. F. RY. CO.

No. 18457.  Opinion Filed Oct. 23, 1928.

Roscoe Cox, Co. Atty., and Erwin & Erwin, for plaintiff in error.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, for defendant in error.

MASON, V. C. J. This cause was commenced in the district court of Lincoln county by the defendant in error railway company, on January 23, 1926, and involves the payment of taxes for the first half of the fiscal year beginning July 1, 1925, and ending June 30, 1926, which were paid by said railway company to the plaintiff in error, Paul Prince, as county treasurer of Lincoln county.

The petition contained ten different causes of action, all of which, except the first, were settled by stipulation of the parties and judgment rendered thereon in the trial court, from which no appeal has been taken.

The first cause of action is based on the alleged invalidity of 1.5 mills for the county highway fund in excess of the 4 mills allowed by law for current expenses. Trial was had on January 25, 1927. The record discloses that the parties stipulated as follows:

"Mr. Gibbens (attorney for plaintiff railway company): It is agreed by and between the parties to this action, that the total assessed valuation of all taxable property in Lincoln county, for the year 1925, was $27,400,000, and that the total assessed valuation for the property of the plaintiff in said county for said year was $1,930,-317. That no special election was held for the purpose of increasing the levy for current county expense above the statutory limit of 4 mills. That the county excise board of said county, for said year, made a levy for general fund purposes of 7.4446 mills.

"Mr. Erwin (attorney for defendant treasurer): Let's do not stipulate as to the last, unless you are going to set out the different items here.

"Mr. Gibbens: Which includes a levy for current expenses of 4 mills; for free fairs of .3667 mills; for treatment of tuberculosis patients of .0579 mills; separate schools 1.52 mills; county highway 1.5 mills."

Plaintiff then offered in evidence a portion of the final statement and estimate for said year. It was further stipulated that the plaintiff paid its taxes in accordance with the provisions of the statutes and that it gave due notice of protest, as provided by statute, and that summons was duly served upon the defendant within proper and legal time. Plaintiff then rested its case and the defendant's demurrer to the plaintiff's evidence was overruled. Defendant offered no evidence, and the court rendered judgment for the plaintiff for $1,447.74, this being the amount of the first half of the alleged excessive taxes for said year, paid by the plaintiff under the levy of 1.5 mills made for county highway fund.

Defendant filed motion for new trial on the next day, January 26, 1927, which was overruled on February 17, 1927, at which time the court granted the defendant an extension of 90 days from said date to make and serve case-made. The case-made was served April 28, 1927, and the petition in error with the case-made attached was filed in this court on June 23, 1927.

At the outset, we are met by a motion of the railway company to dismiss the appeal. Counsel contend that the cause was tried on a stipulation of facts dictated into the record, and that, inasmuch as the only question raised in the lower court and on appeal is a question of law, a motion for new trial was unnecessary, and the filing thereof and the ruling thereon by the trial court did not extend the time for the service of the case-made upon the plaintiff company and that the time expired, under provisions of sec-

92

tion 785, C. O. S. 1921, on February 9, 1927.

It seems to be the contention of counsel that the portion of the final statement introduced in evidence was a part of the agreed statement of facts. The record does not support such contention. In addition to this, the clerk's minutes and the journal entry of the judgment of the trial court, which was approved by counsel for the railway company, disclose that evidence was introduced by the plaintiff.

The rule is well established that, when any evidence at all is offered in addition to the agreed statement of facts, a motion for new trial is necessary. Jones v. Fearnow, 47 Okla. 586, 149 Pac. 1138; Garland v. Union Trust Co., 49 Okla. 654, 154 Pac. 676. Therefore, the motion of the defendant in error to dismiss the appeal is denied.

For reversal, plaintiff in error contends that the trial court erred in not sustaining his demurrer to the evidence of the railway company and in not rendering the judgment in his favor.

The question involved herein has been before this court in two recent cases wherein it was held that, under the provisions of chapter 48, Session Laws 1923-24, it was not necessary that the levy for county highway fund purposes should be included within the statutory limit of 4 mills for current expenses, but that a levy for such purpose was valid even though made in addition to the statutory limit so long as it was within the constitutional limit of 8 mills. Franklin v. Ryan, 125 Okla. 161, 256 Pac. 932; St. L.-S. F. Ry. Co. v. Bailey, 125 Okla. 183, 257 Pac. 784.

It is insisted, however, that chapter 48, Session Laws 1923-24, is unconstitutional and for that reason the rule announced in the cases just cited cannot stand.

Counsel then cite the last portion of section 23 of chapter 48, supra, as follows:

"Provided, that in all places in any of the Compiled Oklahoma Statutes, 1921, or the Session Laws of 1923, providing for the construction and maintainance of the roads and bridges, of the state, where the words 'state road' or 'state highways' are used, the same shall be construed to mean 'county roads' or 'county highways.'"

Cases are then cited which support the rule that the Legislature has no authority to construe or interpret the laws of the state and that the attempt of the Legislature to usurp the powers of the courts in this repect is unconstitutional.

An examination of Franklin v Ryan, supra, discloses that this section of chapter 48, Session Laws of 1923-24, was not before the court, and was not considered in that opinion, but that the opinion was based solely upon section 8 of said act. The contention is, therefore, without merit. In addition to that, the record does not disclose that this question was presented in the trial court, and this court is committed to the rule that the constitutionality of a statute cannot be raised for the first time on appeal in this court. Fast v. Gilbert, 102 Okla. 245, 229 Pac. 275.

Following the rule announced in Franklin v. Ryan, supra, the judgment of the trial court is reversed, and the case is remanded, with directions to render judgment for the defendant.

BRANSON, C. J., and LESTER, HUNT, CLARK, and HEFNER, JJ., concur.