## MISSOURI, K. & T. RY. CO. v. WASHINGTON COUNTY.

No. 20099.   Opinion Filed April 9, 1929.

Rehearing Denied April 30, 1929.

M. D. Green, John E. M. Taylor, and Eric Haase, for plaintiff in error.

Edwin Dabney, Atty. Gen., V. P. Crowe, Asst. Atty. Gen., E. E. Heyl, Co. Atty., and B. B. Foster, Asst. Co. Atty., for defendant in error.

SWINDALL, J. This action comes to this court on appeal from the court of tax review of the state of Oklahoma, wherein the Missouri, Kansas & Texas Railroad Company filed its protest against the county highway fund levied by the county excise board of Washington county, Okla., for the fiscal year beginning July 1, 1928, and ending June 30, 1929, contending that the levy of 2.43 mills, county highway fund levy, is unconstitutional, excessive, illegal, and void to the extent of 1.83 mills.

(1) For the reason that the purpose for which said levy was made is by the statutes of Oklahoma county current expense items, and the assessed valuation in said county for said fiscal year is $35,838,104, and that the levy for said purpose, together with all other current expense items, cannot exceed the limit of 4 mills allowed by law for county current expense purposes, unless an increase of said levy is authorized by an election or vote of the people, and that there has been no such election or vote of the people.

(2) Protestant further states that the Act of March 14, 1924, being Senate Bill 44, chapter 48, Sess. Laws 1923-24, p. 54, in so far as it undertakes to authorize said levy, is unconstitutional and void, for the following reasons, to wit:

(a) In that it attempts and purports to repeal other prior existing laws, for the reason that no such purpose is expressed in the title of said act, as required by section 57, article 5, of the Constitution of Oklahoma.

(b) In that it attempts to amend or extend provisions of prior existing laws, for the reason that it does not re-enact and publish the same at length, as required by section 57, article 5, of the Constitution of Oklahoma.

(c) In that it attempts to authorize an additional tax levy or rate of levy, for the reason that the same is not expressed in the title as required by section 57, article 5, of the Constitution of Oklahoma.

(d) In that it does not specify distinctly the purpose for which any such tax is levied, as required by section 19, article 10, of the Oklahoma Constitution.

(e) In that said act purports and undertakes to divert and devote to another purpose taxes levied and collected for one purpose, in violation of section 19, article 10, of the Constitution.

The Legislature in 1915 enacted chapter 173, entitled:

"An act creating a department of highways and relating to roads and highways, repealing chapter 105 of the Session Laws of 1910-11, and section 7581 of the Revised Laws of Oklahoma, 1910."

Section 2 of article 3 of this act authorizes the county excise board in each county in the state, at the option of said board, to make a levy of one-fourth of 1 mill upon all property in any county subject to taxation upon an ad valorem basis; said levy, when made and collected, shall be converted into a county road construction fund and shall be used for the construction and maintenance of county highways under the supervision of the board of county commissioners, as provided in said act, and provided that, in order to carry into effect the provisions of said act, the county excise board may levy for current expenses of said county not to exceed 8 mills. This section was construed by this court in connection with section 9, article 10, of the Constitution, in the case of Schaff v. Borum, County Treas-

urer, decided June 28, 1921, 82 Okla. 284, 200 Pac. 191, wherein the court says:

"Under the provision of section 9 article 10, of the Constitution, and section 2 of article 3 of chapter 173 of the Session Laws of 1915, the county excise board of the respective counties in the state of Oklahoma are authorized to make such levies as they deem proper for the improvement or construction and maintenance of state and county highways, so long as such levies do not exceed the constitutional limitation of 8 mills, as prescribed by the Constitution.

"In determining the total tax levy made for current expenses of a county, a levy of 2½ mills and one-fourth of 1 mill for the improvement of state and county highways and construction and maintenance of such highways, the same being authorized under section 2 of article 173, chapter 173, of the Act of 1915, are properly excluded and are not controlled by the Act of May 15, 1913 (Sess. Laws 1913, p. 435), limiting county levies for current expenses.

"The Act of March 15, 1915 (chapter 173, Sess. Laws 1915), creating a department of highways and relating to roads and highways, contemplates the permanent improvement of state and county highways, and the construction and maintenance of such roads, and the county excise boards of the respective counties of the state are vested with authority to levy taxes for the purposes of carrying into effect the provisions of said act, so long as such levies, when added to the levy for current expenses of the respective counties, do not exceed the constitutional limitation of 8 mills."

Section 2 of article 3, chapter 173, Sess. Laws 1915, was amended by section 5 of chapter 30, Sess. Laws 1916 Extra Sess., the amendment adding the following to section 2:

"In addition to the one mill levy authorized for common school purposes and in addition to the levies authorized for current county expenses by chapter 195, Sess. Laws 1913, the county excise board in each county in this state is hereby authorized, at the option of said board, to make an additional levy for road purposes upon all property in said county, subject to taxation upon an ad valorem basis, in an amount which, together with the aforesaid levies authorized to be made in said chapter 195, Sess. Laws 1913, shall not exceed a total of eight (8) mills; said additional levy, when made and collected, shall be credited to the county road construction fund, and shall be used for the construction and maintenance of state highways, under the supervision of the board of county commissioners, as provided in this act."

This amendment was assailed as being unconstitutional in the case of C., R. I. & P.

Ry. Co. v. Willis, Co. Treas., 75 Okla. 13, 181 Pac. 307, decided May 27, 1919, wherein this court said:

"Section 5, c. 30, Session Laws 1916, construed, and held to be amendatory of section 2, art. 3, c. 173, Session Laws 1915, and not a construction thereof, and therefore not unconstitutional as a legislative encroachment upon the power conferred upon the judicial department of the state by the Constitution."

This amended act is carried forward in vol. 2, C. O. S. 1921, as section 10202. On March 14, 1924, Senate Bill 44, carrying the emergency clause, was signed by the Governor of the state and is contained in the Session Laws, Special Session of 1923-24, as chapter 48, and is entitled:

"An act creating a State Highway Commission, providing for the appointment of officers and employees, defining powers and duties, providing for the construction and maintenance of a connected system of state highways, securing to the state the benefit of all present and future federal aid that may be offered by the federal government, defining the powers of the State Highway Commission; providing for the division and classification of the highways of the state; taking over construction, repair and maintenance of state highways by the State Highway Commission of state funds on state highways; and of other funds agreed upon by it, and county or township or citizen; the designation by county commissioners of county roads, defining and limiting their powers; creating county highway fund, and fixing the authority to expend the same and authorizing counties and townships to join in the construction of state highways; and repealing all acts or parts of acts in conflict herewith, and declaring an emergency."

Subdivision (f) of section 8 of chapter 48 provides that:

"All moneys raised for the use on the county highways in each county, or appropriated to each county for road purposes, from any source, including all funds and monies heretofore used by the board of county commissioners derived by law, levy, taxation, or apportionment, and which have heretofore been known as the county road maintenance fund, state highway and construction fund, construction of state highway fund, and all of the funds and revenues which have been made up by an ad valorem taxation, automobile license tax, one-fourth of one mill levy, and gross production tax going to the various counties for county road purposes, shall be placed in the county treasury in a fund to be known as the county highway fund, to be expended on order of the county commissioners without the supervision of the State Highway Commission, on county highways as defined herein, or on state highways, within their respec-

tive counties, if in the judgment of the county commissioners such expenditure would be just and equitable and for the best interest of the county. Townships are also authorized to participate with their funds and labor in the construction of the state highway or county highways, constructed in that particular township, in the discretion of the township government. All moneys collected, apportioned or received from any source by any county for road purposes under existing statute law of this state are hereby diverted in the county highway fund, which shall consist of the ad valorem tax levy, provided for in said section 10202, Compiled Oklahoma Statutes, Annotated, 1921, and all monies heretofore received as automobile license tax, provided for in section 10139, Compiled Oklahoma Statutes, Annotated, 1921, and all monies heretofore received from gross production tax, which is now apportioned as provided for in section 9822, Compiled Oklahoma Statutes, Annotated, 1921, to be expended by the county commissioners as provided by this act."

This last-quoted subdivision of section 8 is the law assailed in this action as unconstitutional and as not authorizing the levy made by the county excise board of Washington county, Okla.

At page 8 of the Attorney General's brief, he states:

"The cases relied upon by the plaintiff in error to support its contention that such levy may not be made above the levy for current expense purposes are: Payne v. Ross, 95 Okla. 273, 219 Pac. 144; St. Louis-S. F. R. Co. v. McIntosh, 103 Okla. 246, 229 Pac. 1064; St. Louis-S. F. R. Co. v. Forbess, 111 Okla. 148, 237 Pac. 596; Bristow Battery Co. v. Payne, 123 Okla. 137, 262 Pac. 423."

In their reply brief, counsel for plaintiff in error say:

"The Attorney General, at page 8 of his typewritten brief, lists four cases as relied on by plaintiff in error in support of its contention that the above mentioned county highway, road and bridge fund is illegal. This question has been covered by plaintiff in error's printed brief herein at pages 13 to 32, from which it will be seen that we also rely on the additional cases of St. Louis-S. F. R. Co. v. Dickey, 113 Okla. 72, 238 Pac. 858, and Simmons v. Stuckey, 113 Okla. 200, 241 Pac. 124, and also on St. Louis-S. F. R. Co. v. Andrews, decided April 10, 1928, now still pending on petition for rehearing."

Simmons v. Stuckey, Co. Treas., does not support the contention of plaintiff in error: in that case it is held:

"Under Sess. Laws 1916, c. 30, sec. 5, levy in Tulsa county of 2.41 mills for county highway fund, which when added to levy for current expenses did not exceed constitutional limitation of 8 mills, was authorized as additional levy above 4-mill levy permitted by Comp. St. 1921, sec. 9692."

Payne v. Ross, supra, was decided October 9, 1923; St. Louis-S. F. R. Co. v. McIntosh, supra, was commenced January 21, 1922. In the Payne Case the court held that a county levy for general road and bridge fund of the county is part of the current expenses of the county, and such levy, together with other levies for current expenses, cannot exceed the limit fixed by section 9692, C. O. S. 1921. St. Louis-S. F. R. Co. v. McIntosh, supra, holds the same.

In St. Louis-S. F. R. Co. v. Forbess, Co. Treas., supra, the court held that:

"The current expense fund of a county includes all items of expenditures which the Legislature has authorized to be made during any fiscal year and for which no special additional levy is expressly authorized. Road and bridge construction and repair, not in aid of any state road project, and the holding of free county fairs, have been authorized, but their cost must be included in the current expense fund levy, because no special or additional levy for these purposes has been authorized."

St. L. & S. F. Ry. Co. v. Dickey, supra, involved a protest against the first half of the tax for the year 1921. In that case the court held that receipts for gross production tax should be credited to the estimate made by the county excise board for construction of state highways, and not to the road and bridge fund, which is derived from a levy for current expenses.

Bristow Battery Co. v. Payne, 123 Okla. 137, 252 Pac. 423, involved a levy made after the 1923-24 law was enacted by the Legislature, and in that case it appears that the county excise board made a levy of 2 mills for county road purposes in Creek county and not for "the county highway fund," as authorized and provided for by subdivision (f) of section 8 of chapter 48 of the Session Laws, Special Session, 1923-24. That case appears to have been submitted upon the theory that the levy of 2 mills was a part of the current expenses of the county and came under section 9692, C. O. S. 1921, which provides that the total levy for current expenses for each county shall not exceed in any one year more than 4 mills. And it is argued in one of the briefs in that case that, the levy being made for county road expenses and being in excess of the amount authorized under section 10202 for county roads, the same was illegal, but that if it had been levied for "state highways" in the county, it would not be illegal. This

court in Franklin v. Ryan, 125 Okla. 161, 256 Pac. 932, says:

"We are of the opinion that Mr. Commissioner Dickson clearly had in mind the county road and bridge levy as contained in section 9698, C. O. S. 1921, and prior to the adoption of chapter 48, Session Laws Sp. Sess. 1923-24."

The court further said in the Franklin v. Ryan Case, that:

"The authority to make a levy for county road and construction fund, prior to the enactment of chapter 48, S. L. 1923-24, is to be found in section 10202, C. O. S. 1921, and reads as follows:"

—and then quotes that section.

It is clear that the holding of the court in the above cases related to the levy for county road and bridge fund and not to the county highway fund, as is shown by the later holdings of this court in the case of Franklin v. Ryan, 125 Okla. 161, 256 Pac. 932, above mentioned, and Alford v. Bonaparte, 125 Okla. 164, 256 Pac. 935; St. L. & S. F. Ry. Co. v. Bailey, 125 Okla. 183, 257 Pac. 784; and Prince v. A., T. & S. F. Ry. Co., 133 Okla. 90, 271 Pac. 245, all of which cases have uniformly upheld chapter 48, Sess. Laws, Sp. Sess. 1923-24.

In Franklin v. Ryan, supra, this court in an opinion delivered by Mr. Justice Lester says:

"Chapter 48, Session Laws, Sp. Sess. 1923-24, amends section 10202, C. O. S. 1921, and authorizes the county excise boards of the state to levy an additional tax for the county highway fund, which tax, together with the maximum amount allowed counties for current expenses under section 9692, C. O. S. 1921, may not exceed 8 mills."

Mr. Justice Lester, who delivered the opinion of the court in this case, was the trial judge in the case of Payne et al. v. Ross, supra, at the date of the trial in the court below.

In the case of Alford v. Bonaparte, supra, it was held:

"Where the Legislature has authorized an additional apportionment of tax levies for counties and other municipal subdivisions of the state in excess of the maximum amount allowed for current expense, as provided in section 9692, C. O. S. 1921, and such additional apportionment together with the levies previously authorized does not exceed the constitutional limitation, the decision of the Legislature in such matters is conclusive and binding upon the courts."

The syllabus in St. L. & S. F. Ry. Co. v. Bailey, supra, in so far as it relates to chapter 48, Sess. Laws, Sp. Sess. 1923-24, is the same as in Franklin v. Ryan.

In Prince v. A., T. & S. F. Ry. Co., supra, this court said:

"Under chapter 48, Session Laws, Sp. Sess. 1923-24, county excise boards are authorized to levy a tax for the county highway fund in addition to the 4 mills authorized for current expenses, so long as the total amount allowed for the county does not exceed 8 mills."

So there can be no doubt that since the enactment of chapter 48, Session Laws 1923-24, the uniform holding in the cases is that the county excise board, at its option, may make a levy for the county highway fund, in addition to the 4 mills authorized for current expenses of the county, so long as the total amount levied for the county expenses does not exceed 8 mills; the only remaining question being, is section 8 of this act unconstitutional for the reasons claimed by plaintiff in error?

We have gone into the history of the highway legislation of this state in order that it may be seen that the different acts of the Legislature from 1915 to 1924 had been to establish a highway system in the state of Oklahoma, and provide for the maintenance of the same, and in order to accomplish this purpose different laws have been enacted for carrying this intent into force, and the funds authorized to be levied by the county excise boards have been variously designated as the county road maintenance fund, state highway construction fund, construction of state highway fund, county road and bridge fund, and county highway fund, and the Legislature in 1924, in passing chapter 48, had these matters in mind, and in order to prevent confusion in levies made for these different funds, provided that the various sums raised from the various sources of obtaining revenue for maintaining the state highway system should be diverted into one fund, designated "the county highway fund."

It is contended by plaintiff in error that section 8 of chapter 48, Sess. Laws, Special Session 1923-24, violates section 57 of article 5 of the Constitution, which, among other things, declares that no law shall be revived, amended or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length.

We cannot agree with counsel for plaintiff in error in this contention. Chapter 48 does not assume to revive, alter, or amend

any prior act or section of an act, but by subdivision (f) of section 8 provides that:

"All moneys raised for the use on the county highways in each county, or apportioned to each county for road purposes, from any source, including all funds and monies heretofore used by the board of county commissioners derived by law, levy, taxation, or apportionment and which have heretofore been known as the county road maintenance fund, state highway construction fund, construction of state highway fund, and all of the funds and revenues which have been made up of ad valorem taxation, automobile license taxes, one-fourth of one mill levy, and gross production tax going to the various counties for county road purposes, shall be placed in the county treasury in a fund to be known as the county highway fund, to be expended on order of the county commissioners without the supervision of the State Highway Commission, on county highways, as defined herein, or on state highways, within their respective counties, if in the judgment of the county commissioners such expenditure would be just and equitable and for the best interest of the county"

—and further authorizes townships to participate with their funds and labor in the construction of the state highway or county highways constructed in their particular township, in the discretion of the township government, which is an amendment by implication of section 10202, in so far as the same provides that the county excise board in each county in the state is authorized, at the option of said board, to make a levy of one-fourth of one mill upon all property in said county, subject to taxation upon an ad valorem basis; said levy, when made and collected, shall be converted into a county road construction fund, and shall be used for the construction and maintenance of county highways, under the supervision of the board of county commissioners as provided for in said act, and further authorizes the county excise board in each county in the state, at the option of said board, to make an additional levy for road purposes upon all property in said county subject to taxation upon an ad valorem basis in an amount which, together with the levies authorized to be made in chapter 195, Sess. Laws 1913, shall not exceed a total of 8 mills; said total levy, when made and collected, shall be credited to the county road construction fund and shall be used for the construction and maintenance of state highways under the supervision of the board of county commissioners as provided in said act.

In other words, instead of the county excise board being authorized, at its option, to make a levy of one-fourth of one mill upon all property in any county, subject to taxation upon an ad valorem basis, and converting the levy, when made and collected, into a county road construction fund, to be used for the construction and maintenance of county highways, under the supervision of the board of county commissioners, and also authorizing the county excise board in each county, at the option of said board, to make an additional levy for road purposes upon all property in said county subject to taxation upon an ad valorem basis in an amount which together with the levies authorized and provided for in chapter 195, Sess. Laws 1913, shall not exceed a total of 8 mills, said additional levy, when made and collected, to be credited to the county road construction fund and used for the construction and maintenance of state highways, the Legislature, by subdivision (f) of section 8, provided that all revenue raised in the manners specified in subdivision (f) of section 8 should be converted into a fund known as the county highway fund, to be expended on order of the county commissioners, without the supervision of the State Highway Commission, on county highways as defined in the act, or on state highways within their respective counties, which shall be in furtherance of the legislative plan of establishing a more efficient highway system in the state of Oklahoma. The state had established certain state highways, and in order to provide a more efficient highway system it provided for the construction and maintenance of a connected system of state highways by authorizing the funds raised under the several laws of the state, designated in subdivision (f) of section 8, relating to the highway system, to be placed in one fund.

It is not the meaning of the provisions of section 57 of article 5 of the Constitution that upon the passage of each new law, all prior laws, which it may modify by implication, shall be re-enacted and published at length as modified, for such a construction would result in more evil than was intended to be corrected by the provisions in the Constitution. City of Pond Creek v. Haskell, 21 Okla. 711. 97 Pac. 338; People v. Mahaney, 13 Mich. 482; State ex rel. Breene v. Howard, 67 Okla. 289, 171 Pac. 30; In re Lee, 64 Okla. 310, 168 Pac. 53; Town of Marshall v. Edwards. 90 Okla. 44, 215 Pac. 629. It is further insisted that section 8 of chapter 48. Sess. Laws, Special Session 1923-24. violates section 57. article 5. of the Constitution. which provides that no law shall embrace more than "one subject, which shall be clearly expressed in its title." This law

was designed to prevent, first, the joining in the same bill subjects diverse in their natures, and having no necessary connection; and, second, the insertion of clauses in a bill of which the title gives no intimation.

Chapter 48, Sess. Laws, Sp. Session 1923-24, has for its object the single purpose of establishing a State Highway Commission, and providing for the appointment of officers and employees, and defining their powers and duties, and providing for the construction and maintenance of a connected system of state highways and securing to the state the benefit of all present and future federal aid that may be offered by the federal government, and provides for the classification of highways and provides for the use of revenue derived from different state laws in carrying these provisions into force. All of which said purposes are cognate and germane to the same subject, and the object to be accomplished is fairly indicated by the title to said act, and it is therefore not in conflict with the provisions of the Constitution above quoted. People v. Mahaney, supra; In re County Commissioners of Counties Comprising 7th Judicial District, 22 Okla. 435, 98 Pac. 557; Leatherrock v. Lawton, 45 Okla. 715, 145 Pac. 324; Johnson v. Grady County, 50 Okla. 188, 150 Pac. 497; State ex rel. Short v. Johnson, 90 Okla. 21, 215 Pac. 945; State ex rel. City of Durant v. Bonner, Co. Treas, 86 Okla. 280, 208 Pac. 825.

It is also contended that section 8, chapter 48, supra, violates section 19, article 10, of the Constitution, requiring that the purpose for which said tax was levied be distinctly specified. This section reads:

"Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town or municipal board, or local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied and no tax levied and collected for one purpose, shall ever be devoted to another purpose."

We do not think this section comes within the purview of that section of the Constitution. It will be seen from said section that where the Legislature levies a tax, such act must specify the purpose for which it is levied, but under this law the Legislature does not levy a tax, but only authorizes the county excise board to levy a tax, at its option, and specifically specifies that in the event such a tax is levied and collected, it shall be converted into the county highway fund and to be used in the construction of highways in the county or upon state highways in the county.

We, therefore, conclude, from a careful examination of the record and all the authorities cited by counsel for plaintiff in error and defendant in error, that the act under consideration is free from the constitutional vices which counsel for plaintiff in error contend, and that the Legislature had the right, under the Constitution, to enact section 8 of chapter 48, authorizing the converting of the revenues therein specified, when collected, into one fund, known as the county highway fund, so long as the expense of operating the county government does not exceed the 8 mill limit fixed by the Constitution.

The judgment of the Court of Tax Review of the state of Oklahoma is therefore in all things affirmed.

LESTER, V. C. J., and HUNT, HEFNER, CULLISON, and ANDREWS, JJ., concur.

MASON, C. J., and CLARK and RILEY, JJ., absent and not participating.