## RYAN, Co. Treas., v. BASS FURN. CO.

No. 15942—Opinion Filed July 14, 1925.

Rehearing Denied Sept. 8, 1925.

(Syllabus.)

### Counties — Invalidity of Excess Tax Levy Due to Overestimate of Liabilities.

The county invested certain of its sinking funds in county warrants, and when it made

its financial statement to the excise board
it included said investment as an asset, but
in its report of its liabilities charged said
investment of such fund to the sinking fund
account. Held, that in charging said investment against such fund as a liability it
was without warrant or authority of law,
and by so doing it caused an arbitrary increase of levy for the current year and the
plaintiff is entitled to recover the excess
levy caused thereby.

Error from District Court, Oklahoma
County; Wm. H. Zwick, Judge.

Action by the Bass Furniture Company
against M. S. Ryan, Treasurer of Oklahoma County. Judgment for plaintiff, and
defendant brings error. Affirmed.

J. K. Wright, Co. Atty., and John Howard Payne, Asst. Co. Atty., for plaintiff in
error.

Adelbert Brown, for defendant in error.

LESTER, J. The parties will be referred
to as they appeared in the court below.
Plaintiff brought suit for the recovery of
certain tax paid under protest. The issues
in the court below were determined in favor of plaintiff, and the defeadant prosecutes this appeal to reverse the judgment
rendered in the district court adverse to the
defendant. The issues presented for review
arose out of the financial statement made
by Oklahoma county for the fiscal year ending June 30, 1923, relating to the sinking
fund account, said statement being as follows:

#### Assets

Cash on hand June 30, 1923,
county sinking fund _____$211,460.56
Investments, bonds and
warrants _____ 75,759.36
Taxes 1922, in process
of collection _____ _____$ 22,265.93
Less 10 per cent reserved
for delinquencies _____ 15,880.03

Net taxes available _____$ 6,385.90    6,385.90

Total assets _____$293,605.90

#### Liabilities

Coupons matured and
outstanding _____$ 4,995.00
Warrants outstanding, excess
investment county warrants 75,759.36
Reserves:
Accrued liability on bonds____ 182,726.38
Appropriations _____ 27,275.89
Total liability and reserves_____ 290,756.63
Surplus assets over liabilities
and reserves _____ 2,849.19

Plaintiff claimed that the sum of $75,-
759.36, belonging to the sinking fund, which
was invested in county warrants, should be
treated as an asset only, and that when the
county undertook to list the same as a liability and the said item was deducted as a
liability, it thereby caused an arbitrary increase of the ad valorem tax levy for the

current year and that the same was an illegal levy and compelled the plaintiff to pay
.52 mills and an illegal tax of $154.12. The
defendant claims that the investment of said
amount in county warrants was unauthorized, and that while it was listed as an asset,
it should also be listed as a liability. The
trial court found this issue against the defendant and rendered judgment in favor of
the plaintiff for the sum of $154.12. Section 9699, Comp. Stat. 1921, reads in part
as follows:

"When the excise board shall have ascertained the total assessed valuation of the
property taxed ad valorem in the county
and in each municipal subdivision thereof
and shall have computed the total of the several items of appropriations for current expense and sinking fund purposes for the
county and each municipal subdivision thereof with ten per cent. added thereto for delinquent tax, they shall thereupon make the
levies therefor, **after deducting from the
total so computed the amount of any surplus
balance or revenue or levy, ascertained to
be on hand from the previous fiscal year or
years,** together with the amount of the probable income of each from all sources other
than ad valorem taxation, provided, that
in no event shall the amount of such estimated income exceed the actual collections
from such source for the previous fiscal
year. * * *"

It is apparent that if the excise board
considered a liability of $75,759.36, which
did not in fact represent an obligation of
or charge against said fund, the surplus was
understated to this extent, and if the surplus was understated, the net amount to be
raised by ad valorem taxation was in excess
of the actual requirement for said fund to
the extent of $75,759.36.

"Any tax levied in excess of that required by the estimates of the township or
school district officers for a fiscal year is
illegal and void." Frisco v. Haworth, 48
Okla. 132, 149 Pac. 1086; Frisco v. Thompson, 35 Okla. 138, 128 Pac. 685; Frisco v.
Amend, 44 Okla. 602, 145 Pac. 1117; Frisco
v. Tate, 35 Okla. 563, 130 Pac. 941; Frisco
v. Lindsey, 42 Okla. 198, 140 Pac. 1158; El
Reno Wholesale Gro. Co. v. Taylor, 87 Okla.
140, 209 Pac. 749; McGee v. School Dist.,
82 Okla. 18, 198 Pac. 61.

There is no authority of law permitting
the county to list the amount invested out of
the sinking fund in county warrants as a
liability. While the investment in county
warrants may not have been authorized,
yet it is not shown that such investment has
resulted in a loss to the county. The amount
represented as an investment in county warrants was derived from the taxpaying public in order to create a sinking fund, and it

should not again be charged against it as a liability, unless, perhaps, thereafter, if the same resulted in a loss to the sinking fund, it might then be deducted from its assets. The officers of government charged with the duty of estimating tax levies should rigidly follow the constitutional and statutory provisions relating thereto, and should refrain from any ingenious device to impose heavier burdens upon the taxpayer, other than that permitted by the plain expression of the Constitution and laws of the state. The judgment is affirmed.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.