**BRISTOW BATTERY CO. et al. v. PAYNE, County Treasurer, et al.**

No. 17035—Opinion Filed July 20, 1926.

Rehearing Denied Jan. 18, 1927.

**1. Taxation — Right to Recover Illegal Taxes Paid Under Protest.**

Section 9971, Comp. Stat. 1921, provides for an action for the recovery of illegal taxes paid under protest, and where a party complies with all the requirements of said section and shows such taxes to be illegal under the Constitution and laws of the state, he is entitled to recover the amount of said taxes paid under protest.

**2. Counties—Taxation—Levy for General Road Purposes as Part of "Current Expenses"—Limit.**

A county levy for general road purposes is a part of the current expenses of the county, and such levy, together with other levies for current expenses, cannot exceed the limit fixed by section 9692, Comp. Stat. 1921.

**3. Counties—Successful Plaintiff in Action to Recover Illegal Taxes Paid not Liable for Costs.**

A suit against a county treasurer to recover taxes alleged to be illegal and paid under protest is, in effect, a suit against the county, and where the plaintiff in such suit recovers, it is not error for the trial court as an incident of the judgment to

order the bond for costs given by the plaintiff at the commencement of the action to be canceled.

**4. Counties—Tax Levies—Duties of Excise Board—Deduction for "Surplus Balance of Revenue or Levy on Hand."**

The provisions of section 9699, Comp. Stat. 1921, requiring the excise board, after they have ascertained the total assessed value of the property taxed ad valorem in the county, and in each municipal subdivision thereof, and have computed the total of the several items of appropriation for current expenses and sinking fund for said county and municipal subdivisions, to deduct from the total so computed the amount of any surplus balance of revenue or levy ascertained to be on hand from the previous fiscal year or years, does not contemplate or authorize the excise board to deduct from such estimate the amount of a fund which has already been expended or dissipated. The surplus balance of revenue or levy ascertained to be on hand from the previous fiscal year or years has reference to taxes in the process of collection and such sums of money as are actually on hand and at the disposition of the county or municipality.

**5. Municipal Corporations — Taxation— Limit of Six Mills for General Fund.**

Section 9692, Comp. Stat. 1921, limits the levy for cities for general fund, to not exceed six mills, and a levy in excess of such amount, unauthorized by an election called for that purpose, is void as to such excess.

**6. Same—Recovery of Illegal Taxes in Excess of Constitutional Limit.**

Section 26 of art. 10 of the Constitution provides that no city shall be allowed to become indebted in any manner or for any purpose to an amount, including existing indebtedness, in aggregate exceeding five per centum of the taxable property therein, to be ascertained by the last assessment for state and county purposes previous to the incurring of such indebtedness, and a levy of taxes for the purpose of paying principal and interest on indebtedness created by a city in excess of the foregoing constitutional limitation is unauthorized. and the amount of taxes levied and paid under protest, for such purpose, may be recovered by the person compelled to pay such illegal taxes.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by the Bristow Battery Company et al. against James E. Payne, County Treasurer of Creek County, and Ralph H. Blake, County Treasurer of Creek County,

as his successor in office, to recover alleged illegal taxes paid under protest. From the judgment of the trial court, the plaintiffs appeal. Affirmed in part, and reversed in part.

Adelbert Brown, W. R. Wallace, and Wallace & Wallace, for plaintiffs in error.

W. F. Pardoe, County Attorney of Creek County, for defendants in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiffs and defendants, as they appeared in the trial court.

On the 26th day of June, 1925, the plaintiffs, as taxpayers of Creek county, and of various municipalities of said county, commenced an action in the district court of Creek county against James E. Payne, county treasurer, as defendant. While the suit was pending the term of office of said James E. Payne expired, and the defendant Ralph H. Blake, his successor, was substituted as a defendant in said cause.

The plaintiffs paid the full amount of 1924 taxes demanded of them by the defendants. At the time of the payment of these taxes the plaintiffs delivered to the county treasurer their written notice of protest, objecting to certain levies, and setting out their grounds of complaint. It is conceded that this suit was instituted and summons served upon the defendant within the time and manner prescribed by section 9971, Comp. Stat. 1921. The specific items of taxes levied against the property of the plaintiff and alleged to be illegal and involved in this appeal, are as follows:

First. The levy of 2 mills for county road purposes of Creek county.

Second. A levy of 6 mills for the benefit of the city of Sapulpa.

Third. A levy of 5 mills, 3 and 78-100 mills, and 1 and 68-100 mills for the benefit of independent school districts numbers 33, 2, and 39, respectively.

Fourth. A levy of 2 mills for the benefit of the city of Bristow, general fund, and a levy of 2.497 mills for the city of Drumright over and above the limit of six mills.

Fifth.. A levy of 4.79 mills sinking fund for the city of Bristow.

Sixth. A levy of 30 mills for the Drumright city sinking fund.

It was alleged in the plaintiffs' petition that all of the levies above mentioned were in excess of constitutional and statutory limitations, and void; that the plaintiffs paid the taxes levied against them for the fiscal year commencing July 1, 1924, and that at the time of making such payment served written notice upon the county treasurer, setting up said items of taxes levied against their property and alleged to be illegal, and that suit would be brought therefor. The defendant county treasurer filed an answer which was in effect a general denial. On the 14th day of July, 1925, the cause came on to be tried in said district court, and by agreement of parties a jury was waived and the case submitted to the court upon an agreed statement of facts. The court found for the plaintiffs on the items of two mills taxes levied for road purposes of said county· and upon certain other items, and rendered a judgment in favor of the plaintiffs and against the defendants accordingly, and ordered that the bonds executed by the plaintiffs to secure the payment of the costs be canceled. Judgment was rendered against the plaintiffs on items two to six, inclusive. The plaintiffs have duly appealed to this court and assign as error the finding and judgment of the court upon items two to six, inclusive. The defendants have filed a cross-petition and assign as error the finding and judgment of the court in favor of the plaintiffs and against the defendants as to the first item above enumerated, and as to the order canceling the bond for costs.

We will first dispose of the contentions presented by the cross-appeal.

It is admitted that 15 mills was levied against the property of the plaintiffs for the fiscal year beginning July 1, 1924, for the benefit of Creek county, divided as follows:

| | | |
|---|---|---|
| Current expense, | 4.00 | mills |
| Tick eradication, | .03129 | mills |
| Free fair, | .20121 | mills |
| Tubercular patients, | .06707 | mills |
| Separate schools, | 1.70043 | mills |
| Highway fund, | 2.00 | mills |
| Sinking fund, | 7.00 | mills |
| Total, | 15.00 | mills |

It is further admitted that no election was held in said taxing jurisdiction authorizing an increase in the levy in excess of the statutory limitation. The question presented here is whether a levy in excess of 4 mills for county highways in no way connected with the state highway system may be made without submitting the imposition of said extra burden upon the taxpayers, upon whom it is imposed, for their approbation. The agreed statement of

facts discloses that 4 mills was levied for current expenses.

Section 9692, Comp. Stat. 1921, provides that the total levy for current expenses for each county shall not exceed in any one year more than 4 mills.

"A county levy for general road and bridge fund of the county is part of the current expenses of the county, and such levy, together with other levies for current expenses, cannot exceed the limit fixed by section 9692, Comp. Stat. 1921." Payne v. Ross, 95 Okla. 273, 219 Pac. 144; St. L. & S. F. Ry. Co. v. McIntosh, 103 Okla. 246, 229 Pac. 1064.

The agreed statement of facts being "that the levy of two mills was made to satisfy the requirements of the county highway purposes, and that no election was held authorizing an increased levy," and it being admitted that such levy was in excess of the limitation provided by section 9692, supra, the judgment for the plaintiffs for the amount of said levy was fully warranted.

The second contention of the cross-appellant is that the court erred in not taxing the costs against the plaintiffs notwithstanding they recovered in the action.

This action was brought under the provisions of section 9971, Comp. Stat. 1921, which reads as follows:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the law provides no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them. It shall be the duty of such collecting officer to hold such taxes separate and apart from all other taxes collected by him, for a period of 30 days, and if within such time summons shall be served upon such officer in a suit for recovery of such taxes, the officer shall further hold such taxes until the final determination of such suit. All such suits shall be brought in the court having jurisdiction thereof, and they shall have precedence therein; if, upon final determination of any such suit, the court shall determine that the taxes were illegally collected, as not being due the state, county or subdivision of the county, the court shall render judgment showing the correct and legal amount of taxes due by such person, and shall issue such order in accordance with the court's findings, and if such order shows that the taxes so paid are in excess of the legal and correct amount due, the collecting officer shall pay to such person the excess and shall take his receipt therefor."

It is argued that, there being no statute allowing costs, the county cannot be charged therewith. Section 5653, Comp. Stat. 1921, provides "that each organized county within the state shall be a body corporate and politic, and as such shall be empowered for the following purposes: First. To sue and be sued. * * *"

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific real or personal property."

Section 771, Comp. Stat. 1921.

It will be observed from the sections quoted that the county may sue and be sued the same as a natural person.

"* * * Where counties are made capable of suing and being sued the same as natural persons, they are within the operation of the statutes authorizing the taxation of costs against the unsuccessful party, or of suits providing when a plaintiff in an action shall recover judgment, he shall have judgment for costs against the defendant." 15 C. J. 670, sec. 388.

This being a suit for the recovery of illegal taxes authorized by statutes, and in effect a suit against the county, the costs of asserting such claim is a necessary incident thereto. The plaintiffs, having recovered in the litigation, were entitled to be exonerated from the payment of the costs.

The contention of the plaintiffs with reference to six mills levied for the benefit of the city of Sapulpa, for a general fund purpose, for the fiscal year commencing July 1, 1924, is as follows: The total appropriation made for this general fund was $156,576.65; to the sum was added $15,657.66 for delinquent taxes, providing a total revenue requirement of $172,234.31. The estimated income from miscellaneous sources of $128,182.26 was deducted from the total revenue requirement, leaving a net amount to be raised by ad valorem taxation of $44,052.05. No deduction was made for any surplus on hand. It is agreed that in June, 1923, $40,933.53 was received by the city of Sapulpa and that this sum represented an accumulation of penalties upon property within the corporate limits of the city of Sapulpa which had been collected by the county treasurer over a series of years. The agreed statement of facts further discloses that a supplemental appropriation of said sum was made and approved October 12, 1923, under which this

entire sum was expended in the extension of concrete paving from the nearest paved street in said city to the Tulsa Highway.

Section 9699 provides that the excise board shall ascertain first the total valuation of the property taxed, ad valorem, in the county, and in each municipal subdivision, and compute the several items of appropriation for current expenses, sinking fund, etc., for the county and each subdivision thereof, with 10% added thereto for delinquent taxes, and then make the levies therefor after deducting from the total so computed "the amount of any surplus balance of revenue or levy ascertained to be on hand from the previous fiscal year or years." The complaint made here is that the excise board did not consider the said sum of $40,933.50 as a surplus on hand at the time the levy was made for the fiscal year beginning July 1, 1924. Conceding the plaintiffs' contention that the expenditure of this sum of money under the supplemental appropriation was illegal, and without authority, still it was not on hand at the time such levy was made, and could not be taken into consideration in making said levy. Section 9699 only authorizes the excise board to deduct from the total amount of revenue ascertained to be necessary the amount of "any surplus balance of revenue or levy ascertained to be on hand." and the court properly denied plaintiffs any relief on said item of taxes.

The contentions of the plaintiffs in error as to independent school districts Nos. 33, 2 and 39, in said county, are identical. For said fiscal year, there was a levy for the benefit of said school district No. 33 for general fund, 15 mills, and for sinking fund, 10 mills. It appears from the agreed statement of facts that the sum of $53,938.-58 was due said taxing jurisdiction from Creek county. It is further agreed that judgment was obtained for $41,000 of this amount in May, 1925. It does not appear, however, that the sum of $53,938.58 was on hand at the time said levy for the fiscal year commencing July 1, 1924, was made. The most that can be said as to this proposition is that said independent school district had a claim against Creek county for said sum of money. It recovered judgment for $41,000 only a month prior to the end of the fiscal year for which the levy was made. Whether said judgment was paid or had been appealed does not appear. In any event, this claim was not such a one as is contemplated by section 9699, supra, and there was no error in denying the plaintiffs judgment upon said item.

For the fiscal year commencing July 1, 1924, there was levied for the benefit of the city of Bristow, 8 mills for general fund, and for the benefit of Drumright, 8 and 497-1000 mills. No election was held to authorize any increase in the ad valorem taxes for said year. Section 9692, Comp. Stat. 1921, limits the levy which a city can make to not more than 6 mills. In Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 Pac. 969, it is said:

"Section 9692, Comp. Stat. 1921, limits the total levy for current expenses for each city in this state to six mills on the dollar, unless an additional levy is authorized by an election held as provided under sections 9707-9712, inclusive, and these provisions of the statute limit the levy which can be made in all cities in this state governed by charters or otherwise. Cities in this state receive authority to make tax levies by virtue of general laws enacted by the Legislature and not otherwise, and in the absence of legislative authority the city has no power to assess and collect a tax at all. The general law of this state granting to cities the power to levy taxes is found in sections 9692, 9699, 9707 to 9712, inclusive."

It is contended, however, by the defendants that inasmuch as the excess over six mills was for library and cemetery purposes, these levies were authorized. The authority for making the levies for library and cemetery purposes is found in sections 9528 and 4329, Comp. Stat. 1921, respectively. These sections authorize the levy of two mills for library purposes and one-half mill for cemetery purposes. But there is nothing in these sections indicating that it was the intention of the Legislature to authorize these levies over and above the six-mill limitation. In Simmons v. Stuckey, 113 Okla. 200, 241 Pac. 124, the levy for these purposes was provided, but they were within the six-mill limitation. In addition to this, the levy for all purposes for the city of Tulsa was 8.7 mills, and an election was called and held in the city of Tulsa, submitting the question to the voters of the city whether an additional levy of 2.75 mills in excess of the six-mill levy should be made, and such excess authorized by the election. In the instant case, the levy in behalf of Bristow was 2 mills over the limitation, and for the city of Drumright, 2.497. These levies in excess of the six-mills limitation were not approved by an election for that purpose, and were void, and the plaintiffs were entitled to recover thereon.

It appears from the agreed statement of facts that in making the estimate for the sinking fund of the city of Bristow for the

fiscal year beginning July 1, 1924, the excise board found and determined that the accrued bond liability of said city was $111,992.22, when in fact the accrued bond indebtedness of said city at that time was $89,768.00, and a levy of 13.9 mills was made for the sinking fund to meet this liability. In other words, the appropriation to take care of the accrued bond liability was excessive in the sum of $22,224.22, and a levy of 13.9 mills was excessive in the sum of 4.76 mills by reason of said excessive estimate, and the plaintiffs are entitled to recover this amount.

"A tax levy, in so far as it produces an amount in excess of the estimated needs, is illegal and void." St. L. & S. F. Ry. Co. v. Amend, 44 Okla. 602, 145 Pac. 1117; St. L. & S. F. Ry. Co. v. Haworth, 48 Okla. 132, 149 Pac. 1086; St. L. & S. F. Ry. Co. v. Thompson, 35 Okla. 138, 128 Pac. 685; El Reno Wholesale Grocery Co. v. Taylor, 87 Okla. 140, 209 Pac. 749; Ryan v. Bass Furniture Co., 113 Okla. 86, 241 Pac. 786.

It is disclosed by the agreed statement of facts that 7.517 mills was levied for the benefit of the city of Drumright, and that 63.02 mills thereof was for sinking fund requirements. The stipulation in this respect, with reference to the indebtedness for which this levy was made, is as follows:

"It is further stipulated and agreed that the 1918 funding bond issue, the 1922 funding bond issue, and all of the judgments aforesaid exceed the five per cent. constitutional debt limit; there was included in the amount required to be raised by ad valorem taxation for said taxing jurisdiction the sum of $21.670.46 representing interest payable on the aforesaid bonds and judgments and $46.031.65 representing annual accruals for the foregoing obligations.

"It is further stipulated and agreed that the total assessed valuation of all the property in said taxing jurisdiction for the fiscal year beginning July 1, 1924, was $2.213.324, and that if the net amount required to be raised by ad valorem taxation for said taxing jurisdiction had been reduced to the extent of $21,670.46 and $46.031.65, or a total of $67.702.11, the tax levy for said taxing jurisdiction would have been reduced to the extent of 30 mills."

It being admitted that 30 mills of said levy was for the purpose of paying judgments, bonds, and interest thereon, incurred in excess of the limitation provided in section 26, article 10 of the Constitution, as follows:

"No county, city, town or township, school district or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner or for any purpose, to an amount exceeding in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount, including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness"

—it follows that said indebtedness so incurred was illegal, and the levy for the purpose of the payment thereof was likewise illegal. The precise question here presented was disposed of in Eaton v. St. Louis-San Francisco Ry. Co., 122 Okla. 143, 251 Pac. 1032. In that case it was held that taxes paid under protest, levied for the purpose of paying principal and interest upon an indebtedness created in excess of the foregoing constitutional limitation, may be recovered under the provisions of section 9971, supra. This case was decided since the trial of the instant case, and it is conceded that the decision in Eaton v. St. Louis-San Francisco Ry. Co., supra, is decisive of the question here involved. It follows that the court erred in not finding in favor of the plaintiffs upon this item of taxes.

For the reasons stated, the judgment appealed from is reversed and remanded to the district court of Creek county, with directions to enter judgment in favor of the plaintiffs for all sums collected by reason of the levy in excess of 6 mills for the benefit of the general fund of the city of Bristow; for all sums collected by reason of the levy in excess of 6 mills for the general fund of the city of Drumright; all sums collected by reason of the levy over and above 7.14 mills for the sinking fund of the city of Bristow for said fiscal year; and for all sums collected by reason of the levy in excess of 33.02 mills for the benefit of the sinking fund of the city of Drumright for said fiscal year; and in all other things the judgment appealed from is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 37 Cyc. p. 1184; anno. 11 L. R. A. (N. S.) 1104; 26 R. C. L. p. 454. (2) 15 C. J. p. 634, §348. (3) 15 C. J. p. 670 §388. (4) 37 Cyc. p. 975. (5) 28 Cyc. p. 1668. (6) 37 Cyc. p. 1175.