## BOARD OF COM'RS OF ROGERS COUNTY v. BRISTOW BATTERY CO. et al. (No. 262.)

District Court, N. D. Oklahoma. September 10, 1928.

N. B. Johnson, of Claremore, Okl., and Lydick, McPherren & Jordan, of Oklahoma City, Okl., for complainant.

W. F. Pardoe, Co. Atty., of Sapulpa, Okl., and S. A. Denyer, City Atty., of Drumright, Okl., for respondents.

KENNAMER, District Judge. This is an action by the board of county commissioners of Rogers county, Oklahoma, as holder of certain bonds, seeking a prohibitory injunction against certain respondents, taxpayers, and a mandatory injunction against other of the respondents, officials, to compel action upon their part, so that the principal and interest due and to become due upon the bonds will be paid.

During August, 1922, the city of Drumright sought to fund its outstanding warrant indebtedness, by following the procedure prescribed by the statutes of Oklahoma. After due and proper notice an ordinance was passed, and thereafter, in accordance with the requirements of the statutes, an application was made to the district court of Creek county to fund such indebtedness. Subsequently the matter came on for hearing in the district court, and judgment was rendered adjudicating the validity of the outstanding warrants, and authorizing the issuance of funding bonds. No appeal was taken from the judgment. The warrants were then canceled and bonds executed, as required by law, and were thereafter registered with the proper city, county, and state officials, as required by statute, and were approved by the Attorney General on October 6, 1922.

Section 4284, C. O. S., provides for the approval of such bonds by the Attorney General, as the bond commissioner, and among other things he is required to examine into and pass upon any security so issued, as the bonds in the instant case, and, when he certifies that the bonds have been issued in accordance with the forms of procedure so provided, the bonds shall be incontestable in any court in the state of Oklahoma unless suit thereon be brought in a court having jurisdiction within 30 days from the date of the approval of the bonds by the bond commissioner. The facts disclose that no suit was instituted contesting the validity of the bonds within 30 days after the approval by the bond commissioner. In 1923 the complainant purchased, upon the open bond market, without any notice or knowledge of any alleged defects, $50,000 of the bonds so issued. The bonds were registered in complainant's name, and interest was paid upon

the bonds by the city of Drumright until the year 1927.

On June 26, 1925, the respondents, Bristow Battery Company and others, commenced an action in the district court of Creek county, Oklahoma, against James E. Payne, county treasurer, attacking the validity of the bond issue, some of which were held by complainant. It was contended in the action that the levy as made by the proper tax officials to pay the interest and create a sinking fund for the retirement of the bonds was illegal, by reason of the illegality of the bonds. The cause was appealed to the Supreme Court of Oklahoma for final determination, and it was declared by the Supreme Court that the bond issue was void. Bristow Battery Co. v. Payne, County Treasurer, 123 Okl. 137, 252 P. 423. The parties to the action were the taxpayers on one side and the county officials on the other, and the bondholders were not parties. The court adjudged that the questions involved were governed by the holding of the Oklahoma Supreme Court in Eaton, County Treasurer, v. St. Louis & S. F. Ry. Co., 122 Okl. 143, 251 P. 1032.

In the Eaton Case, as well as in the Bristow Battery Company Case, supra, the attention of the court was directed to the proposition that the bondholders were necessary parties defendant, but it was determined by that court that they were not necessary parties, that the bond issue was void, and that all parties were charged with knowledge of the authority and limitations upon the powers of municipalities. It was established that, since the rendition of the opinion in the Bristow Battery Company Case, the district court of Creek county has subsequently enjoined the levy for taxes to pay the interest and to create a sinking fund for the payment of the principal of the bonds, and that the only available method and means of retiring the bonds held by complainant had been destroyed.

Complainant seeks aid in the federal court for the reason it has been denied due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States, having suffered a declaration by the state courts of Oklahoma that bonds held by it are void, without having its day in court and its opportunity to be heard. It is clearly established that complainant is a bona fide purchaser of the bonds involved in the issue declared void, that the proceedings were in accordance with the statutes of Oklahoma, and that the adjudication of the district court finding the warrants outstanding

valid and authorizing the issue of the bonds was final, and not appealed from. Respondents contend that the bond issue was void, because the warrant indebtedness sought to be funded was invalid, and that the decree of the district court adjudging it valid was untrue. The evidence presented establishes the fact to be that the indebtedness funded was not valid.

■■ Complainant is authorized to institute this action. Section 5653, C. O. S. 1921. It is subject to the ordinary rules governing procedure between private parties. Metropolitan Ry. Co. v. Dist. of Columbia, 132 U. S. 1, 10 S. Ct. 19, 33 L. Ed. 231. It is disputed that complainant may invoke the jurisdiction of the federal court in this action. Section 24 of the Judicial Code (28 USCA § 41) provides that District Courts are given jurisdiction where the controversy "arises under the Constitution or laws of the United States," etc. It is well settled that, where a bill presents a federal question, the court has jurisdiction, although there is no diversity of citizenship. Hays v. Port of Seattle, 251 U. S. 233, 40 S. Ct. 125, 64 L. Ed. 243; Binderup v. Pathé Exchange, 263 U. S. 291, 44 S. Ct. 96, 68 L. Ed. 308.

■ Complainant's bonds have been rendered valueless by the decision of the Oklahoma Supreme Court in the case of Bristow Battery Co. v. Payne, supra. Complainant was not a party to the action, was not afforded an opportunity to defend against the action of the taxpayers, but has been deprived of its property without a trial. It is obvious that an appeal to the state courts, or rather the district court of Creek county, by complainant, for payment of the indebtedness of the city of Drumright, evidenced by the bonds held by complainant, will avail nothing, because the trial court will be controlled by the decision of the Supreme Court adjudging the bond issue void. Clearly complainant has been denied due process of law, and by reason thereof is entitled to invoke the aid and jurisdiction of this court for relief.

Mr. Justice Holmes, speaking for the United States Supreme Court in Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969, said: "Whatever disagreement there may be as to the scope of the phrase 'due process of law,' there can be no doubt that it embraces the fundamental conception of a fair trial, with opportunity to be heard." See Ex parte Wall, 107 U. S. 265, 2 S. Ct. 569, 27 L. Ed. 552; Hager v. Reclamation District, 111 U. S. 701, 4 S. Ct. 663, 28 L. Ed. 569; United States v. Bean

(C. C. A.) 253 F. 1; Scott v. McNeal, 154 U. S. 34, 14 S. Ct. 1108, 38 L. Ed. 896; New Orleans Waterworks Co. v. New Orleans, 164 U. S. 471, 17 S. Ct. 161, 41 L. Ed. 518.

It had been uniformly held by the Supreme Court of Oklahoma, prior to complainant's purchase of the bonds involved, that funding bonds neither create nor increase the indebtedness of the municipality, provided the warrants sought to be funded represent valid indebtedness; that the legal effect of such bond issue is merely a change in the form of the existing debt; and that section 26, article 10, of the Oklahoma Constitution, prescribing limitations upon the indebtedness of municipalities, is not infringed. The provision is as follows:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness: Provided, that any county, city, town, township, school district, or other political corporation, or subdivision of the state, incurring any indebtedness, requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five years from the time of contracting the same."

■ Undoubtedly, if the outstanding warrants sought to be funded represented invalid indebtedness, as frequently may be the case, bonds issued thereafter will increase the indebtedness of the municipality. However, a means is provided by the Oklahoma statutes for a determination of the validity of the warrant indebtedness, and the jurisdiction to determine this is vested in the district courts. Such determination is conclusive, where the judgment of the district court adjudging the warrant indebtedness valid becomes final and is unappealed from. State ex rel. Board of Education of Oklahoma City

v. West, 29 Okl. 503, 118 P. 146; Hume v. Wyand, 68 Okl. 261, 173 P. 813; Board of Education of Owasso v. Short, Attorney General, 89 Okl. 5, 213 P. 857. The determination of the district court of the validity of the outstanding warrant indebtedness may be erroneous, as established by the evidence to have been the case involving the bonds under consideration; but the court had the same jurisdiction to enter an erroneous decree as it did a correct one. Board of County Commissioners of Lake County v. Platt, 79 F. 567 (8 C. C. A.). A remedy of appeal is provided for correction of an erroneous decree, which was not resorted to.

■ In addition to the requirements of an adjudication of the district court, and a decree for the issuance of funding bonds, there is a requirement that the Attorney General, as bond commissioner, examine the proceedings and certify as to the regularity of the issue. An opportunity is afforded to attack the bond issue after it has been approved, but the time for the attack is limited to 30 days. Thus, if a taxpayer does not see fit to appeal from the decree of the district court providing for the bond issue, he is afforded another opportunity to object, but that must be made within 30 days after the approval of the bonds by the bond commissioner. It is the mandatory duty of the bond commissioner to examine the proceedings for the issuance of the bonds, and the provision of the statute which imposes this duty provides a special statute of limitations, denying to any citizen or taxpayer the right to contest the validity of the bonds after the expiration of 30 days. In my opinion, the time within which the bonds so approved may be contested is exceedingly short, as provided by the statute; but courts are powerless to nullify statutes not repugnant to the Constitution.'

■ The Supreme Court of Oklahoma has held the statute making bonds incontestable after 30 days from the date of approval a special statute of limitations. Board of Education of Owasso v. Short, supra; City of Chickasha v. O'Brien, 58 Okl. 46, 159 P. 282. This construction had been placed upon the statute by the Oklahoma Supreme Court prior to complainant's purchase of the bonds involved. It is clear that, where a taxpayer institutes an action, subsequent to the 30-day limitation period, to enjoin the collection of taxes for the payment of interest and the creation of a sinking fund for the payment of principal, upon the ground that the bonds are illegal, such action constitutes an attack upon the validity of the bonds,

and the holder of such bonds is entitled to avail himself of the special statute of limitations. In the instant case, the action by the taxpayers resulted in a decision affecting the bonds, with an adjudication that they were void, in which action, the holders were not afforded an opportunity to assert the defense, not being parties thereto.

It is urged by respondents that the outstanding warrant indebtedness funded was illegal, and that, if the funding bonds held by complainant and others are held to be legal and valid, the indebtedness of the city of Drumright will be increased and will be in excess of the constitutional limitation. Section 26, article 10, Const. Okl. It is further insisted that all purchasers of the bonds are charged with notice of the limitations on municipalities imposed by the Constitution. It is well established that bonds, to be valid, must conform to the requirements of the Constitution and statutory provisions governing their issuance, and a purchaser of such bonds must take notice of the limitations and requirements prescribed by the laws. He is charged with notice of the laws governing the issue of the bonds. However, he is not to be charged with notice of facts existent contrary to those adjudged by tribunals and commissioners as justifying the bond issue. The district court and the bond commissioner have the responsibility of determining the facts, and of ascertaining the existence of facts justifying the bond issue, within constitutional and statutory limitations. When it is recited that the bonds are regular and that the issue is within the constitutional and statutory limitations by the proper officials, and the bonds themselves do not disclose anything to the contrary, the holder is not bound to look further. Chaffee County v. Potter, 142 U. S. 355, 12 S. Ct. 216, 35 L. Ed. 1040.

In the instant case, the city of Drumright is estopped from asserting, against a bona fide holder for value, that the bonds under consideration created an indebtedness in excess of the limit prescribed by the Oklahoma Constitution. Gunnison County Commissioners v. Rollins, 173 U. S. 255, 19 S. Ct. 390, 43 L. Ed. 689; Presidio County v. Noel-Young Bond & Stock Co., 212 U. S. 58, 29 S. Ct. 237, 53 L. Ed. 402; Chaffee County v. Potter, supra. Limitations and requirements are imposed for the protection of taxpayers in the issuance of bonds and creation of indebtedness. Opportunities are afforded for the requirement of strict compliance with the provisions of the statutes and Constitution, and if taxpayers do not avail themselves of the remedies provided, they cannot be heard in an attack upon the validity of bonds after they have gotten into the hands of bona fide purchasers. The proceeds of the bonds are for the use of the municipality, resulting in some sort of a benefit to its inhabitants and taxpayers, and innocent holders of the bonds are to be protected after they have been permitted to buy bonds, held out to them as valid, and after taxpayers have been afforded an opportunity to object, but who sat silently by and permitted the bonds to be sold upon the open market as valid obligations of the municipality. The justification for the limitation provisions of the statute is the interest in the marketability and negotiability of municipal bonds, and holders of bonds must be permitted to rely upon them.

Decree for complainant as prayed for.