## PRINCE, County Treas., v. OKLAHOMA NATURAL GAS CO.

No. 18640. Opinion Filed Oct. 29, 1929.

Roscoe Cox, Co. Atty., and Erwin & Erwin, for plaintiff in error.

Courtland Feuquay, Gordon Stater, and Adelbert Brown, for defendant in error.

DIFFENDAFFER, C. The appeal of plaintiff in error involves the legality of a levy of 2.783 mills ad valorem taxes levied against the property of defendant in error for county highway purposes in Lincoln county for the fiscal year beginning July 1, 1924, and the cross-appeal by defendant in error involves the legality of a 1.73 mills levy made in the same county for the same fiscal year for separate schools as to .2 of a mill thereof, and .53 of a mill of a 4-mill levy made in the same year for current expenses.

Defendant in error was plaintiff below and plaintiff in error was defendant. The parties will be referred to herein as in the trial court.

Plaintiff commenced an action in the district court of Lincoln county to recover certain alleged illegal taxes paid by it under protest, the amount claimed being the first half of the alleged illegal taxes for the fiscal year beginning July 1, 1924.

A second action was commenced for the recovery of the alleged illegal taxes paid for the last half of the same year. These two actions were consolidated and tried together. Plaintiff in its petition assailed some 11 items, but 8 of them were disposed of to the satisfaction of the parties in the trial court, leaving but three in dispute here.

The first item is: That wherein the trial court granted plaintiff judgment for the recovery of its taxes paid on a levy of 2.783 mills made and levied for county highway purposes. Plaintiff in its petition assailed this levy upon the sole ground that it was made in excess of the 4 mills allowed by law for current expenses and without any election having been held authorizing same, and that the levy of 2.783 mills was illegal, excessive, and void in its entirety. There is no question but that the levy was made for county highway purposes to the extent of 2.783 mills, and that this was in addition to a 4-mill levy made and levied for current expenses. The assessed value of plaintiff's property in the county for that year was $311,886 and a levy of 2.783 mills amounted to $867.98, the amount sued for. The trial court found and held this levy to be illegal and void in its entirety and rendered judgment for plaintiff for recovery of the full amount paid on account thereof. From this judgment, defendant appeals.

There are several assignments of error: That the judgment is contrary to law in holding that the levy for the county highway fund was illegal; it was made in excess of the 4 mills allowed by law for current expenses.

This question has been definitely settled in favor of defendant's contention. In St. L. & S. F. Ry. Co. v. Bailey, 125 Okla. 183, 257 Pac. 784, it was held:

. "Chapter 48, Session Laws 1923-24, amends section 10202, C. O. S. 1921, and authorizes the county excise boards of the state to levy an additional tax for the county highway fund, which tax, together with the maximum amount allowed counties for current expenses under section 9692, C. O. S. 1921, may not exceed eight mills."

In M., K. & T. Ry. Co. v. Washington County, 136 Okla. 191, 276 Pac. 769, it was held:

"Section 2, article 3, Chapter 173, Sess. Laws of Oklahoma, 1915, as amended by section 5, chapter 30, Sess. Laws 1916, page 76, and brought forward as section 10202, C. O. S. 1921, as supplemented and amended by implication by chapter 48, Sess. Laws. Sp. Sess. 1923-24, authorizes the county excise boards of the various counties in the state to levy an additional tax for the county highway fund, which excess, together with the maximum amount allowed counties for current expenses under section 9692, C. O. S. 1921, may not exceed 8 mills."

Plaintiff does not brief the question here as to the illegality of the county highway levy as a whole, except in its brief it asserts that the county highway levy is illegal for the reason that the appropriation made for the construction of bridges in the sum of $20,000 was not itemized so as to show the location of each proposed bridge and the amount appropriated therefor, separately stated as required by section 9698, C. O. S. 1921.

This item was but $20,000 of a total appropriation for county highway purposes of $80,744. If the levy was invalid to the extent of this item, which we do not decide, plaintiff's right of recovery would be much less than it would have been under its contention that the entire levy for county highway purposes was invalid, and under

the theory upon which the cause was tried and presented to the trial court. Plaintiff did not in its petition assail any part of the levy upon the grounds that any part of the appropriation to cover which the levy was made was not properly itemized. This was not mentioned in its petition and only incidentally at the trial.

A plaintiff will not be permitted in a law case to plead and present his case upon one theory in the trial court, and abandon that theory upon appeal, and rely upon an entirely different theory here.

The judgment rendered in favor of .plaintiff, as to its third cause of action in the first petition and the similar allegations in the second action should be reversed, and the cause remanded, with directions to enter judgment for defendant thereon.

Plaintiff filed a cross-petition in error as to two items wherein judgment was rendered against it.

The plaintiff in its cross-petition in error complains of the judgment against it as to two items. The first is as to the claim under its second cause of action. This is, in substance that the estimate made and approved for the maintenance of separate schools failed to take into account certain income from sources other than ad valorem taxes; that it failed to allow for the state and county apportionment based upon the negro scholastic enumerations of the county. The total of such estimated income was shown to be $41,340. There was a surplus of $7,148, making total available for separate schools for the fiscal year, other than that required to be raised by ad valorem taxes, of $48,488.80.

The negro scholastics, as shown by the enumeration for that year, were 11.47 per cent. of the total scholastics.

The separate school fund would therefore be entitled to 11.47 per cent of the revenue from sources other than ad valorem taxes. Eleven and 47/100 per cent. of the total would amount to $5,561.66, which was properly apportionable to the separate school fund under the authority of Board of Education of City of Sapulpa v. Board of Co. Com. of Creek County, 127 Okla. 132, 260 Pac. 22.

If these negro scholastics were all outside of any independent school district, or if no apportionment was made on account of the negro scholastics within such independent district, then the separate school fund should have been allowed a credit of $5,561.66 from sources other than ad valorem taxes, thus reducing the amount of plaintiff's taxes for separate school purposes .2 of a mill, or a total of $62.36. It seems undisputed that the separate school fund of the county did not receive the benefit of any part of the state or county apportionments.

Judgment should therefore have been rendered for plaintiff on this item for $62.36.

The other item complained of by plaintiff is a claim under its fifth cause of action. This was a claim of $76.41 for each half of the taxes paid by plaintiff to the general fund of the county.

It appears from the record that, in making up the estimate for the fiscal year in question, the county authorities charged as liability against the uncollected taxes for the fiscal year 1923-24 some $13,292.20 outstanding warrants that had been issued for some year or years prior to the fiscal year beginning July 1, 1923, and ending June 30, 1924, without taking into consideration any uncollected taxes whatever for such previous fiscal year; thus increasing liabilities in that amount against revenues for subsequent year, resulting in an understatement of the revenue available for the payment of outstanding warrants for the fiscal year 1923-24, and surplus revenues applicable to the reduction of taxes for the fiscal year 1924-25.

This cannot be lawfully done, as this would, in effect, be to apply the income and revenue for one year to the payment of warrants issued against the estimate for a previous year. Ryan, Co. Treas., v. Bass Furn. Co., 113 Okla. 86, 241 Pac. 786; Gulf Pipe Line Co. v. Co. Treas., Tulsa Co., 110 Okla. 163, 236 Pac. 896. This appears to have resulted in an increase of plaintiff's taxes of .49 mills or $152.82 for the whole year.

Plaintiff should have recovered judgment for this amount.

The judgment should be reversed and the cause remanded, with direction to enter judgment in accordance with the views herein expressed. Costs of this appeal should be divided equally.

BENNETT, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Counties," 15 C. J. §285, p. 584, n. 65. "Highways,," 29 C. J. §494, p. 729, n. 91. "Schools and School Districts," 35 Cyc. p. 822, n. 3.