### BRISTOW BATTERY CO. et al., v. BOARD OF COM'RS OF ROGERS COUNTY, OKL. *

. Circuit Court of Appeals, Tenth Circuit.
January 16, 1930.

No. 67.

*For opinion denying rehearing, see 38 F.(2d) ——.

Adelbert Brown, of Oklahoma City, Okl., and Redmond S. Cole, of Tulsa, Okl. (Brown & Stater, of Oklahoma City, Okl., W. F. Pardoe, of Sapulpa, Okl., and S. A. Denyer, of Drumright, Okl., on the brief), for appellants.

M. E. Jordan, of Tulsa, Okl., and N. B. Johnson, of Claremore, Okl. (Lydick, McPherren & Jordan, of Oklahoma City, Okl., on the brief), for appellees.

Valjean Biddison, of Tulsa, Okl., and James G. Martin and Thomas E. Elcock, both of Wichita, Kan., amici curiæ.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

LEWIS, Circuit Judge. Rogers County, Oklahoma, plaintiff below and appellee here, brought this suit for injunctive relief, prohibitory as to some of the defendants and mandatory as to others. There is no diverse citizenship. Jurisdiction is based on the claimed denial of Federal rights guaranteed by the U. S. Constitution. The case made by the bill is this:

In 1922 the City of Drumright, in Creek County, Oklahoma, issued 171 funding bonds, each of the par value of $1,000.00, for the purpose of funding its outstanding indebtedness. For that purpose, and in accord with the Oklahoma statutes, the city applied to the district court for Creek County asking for an order of the court that it might fund its indebtedness, and such order was duly entered and the bonds issued. The bonds were approved and registered by the proper city and county officials, a certificate of the Attorney General of the State, who is ex-officio bond commissioner, being attached to each bond, said certificate reciting that he had examined a certified transcript of the record of proceedings relative to the issuance of said bond and that he found the proceedings regular and in full compliance with the constitution and laws of the State of Oklahoma, and he approved the bonds as having been regularly and legally issued in accordance with the constitution and laws of the State. He further certified, in accordance with the laws of the State, that the bonds were incontestable in any court of the State after thirty days from the date of his certificate. The bonds

Cotteral, Circuit Judge, dissenting.

were regularly and legally issued. The recitals in them estopped the municipality from challenging their validity. Under the Oklahoma statute they were incontestable after thirty days from the date of the certificate of the Attorney General. Notwithstanding these claims made in the bill it is alleged that four taxpayers of the city, who are made defendants here, commenced an action in June, 1925, in the Creek County district court, against the county treasurer of Creek County, in which they challenged the validity of the tax levy to pay the interest on said bonds and provide a sinking fund, on the ground that said bonds exceeded the constitutional debt limit of said city. They alleged that they had paid said taxes on their property under protest and prayed judgment for a return of the sums paid. The county treasurer defended that suit. The district court adjudged that the bonds had been legally and duly issued and constituted valid outstanding obligations of the city. The taxpayers appealed from that judgment and the Supreme Court reversed the judgment of the district court. Bristow Battery Co. et al. v. Payne, County Treas., 123 Okl. 137, 252 P. 423. The Supreme Court held that the bonds were void because in excess of the constitutional debt limit. That ruling followed a like holding in the prior case of Eaton v. St. L.-S. F. Ry. Co., 122 Okl. 143, 251 P. 1032. Rogers County purchased in the open market for value $50,000 par value of these bonds in 1924. It was not a party to either of the cases just mentioned. It had no knowledge of the pendency of those cases. Prior to the time it made its purchase the Oklahoma Supreme Court had held in a number of its decisions, (1) that holders of municipal securities issued by the various municipalities in the State were necessary and proper parties to any action involving the legality of bonds so issued; (2) that the issuance of funding bonds issued concurrently with the cancellation of indebtedness of a municipality did not increase the indebtedness of such municipality but merely changed the form thereof; (3) that the judgments of the district courts of the various counties of the State made and entered at hearings upon applications of municipalities to fund their outstanding indebtedness in a proceeding brought for that purpose, were final judgments, and that where such decree and judgment of such court was entered which adjudged the validity of such indebtedness, and was regular upon its face, it was final and conclusive upon all matters put directly in

issue, tried and determined in that proceeding and no one could thereafter be heard to dispute the validity of such bonds; (4) that by virtue of the provisions of section 4284, C. O. S. 1921 (sec. 377, R. L. 1910) all bonds issued by any municipality in the State of Oklahoma, and declared by the certificate of the Attorney General to be issued in accordance with the form of procedure so provided, were incontestable in any court of the State of Oklahoma, unless a suit was brought thereon within thirty days from the date of the approval thereof by the Attorney General; and (5) that bona fide purchasers of negotiable municipal bonds who have relied upon the affirmative recitals contained in the bonds to the effect that the same were not issued in excess of the constitutional limit, as here, where such certificate and recitals are specifically provided for in the issuance of such bonds, were protected by such recitals, if in fact the bonds themselves did not reveal such recitals to be untrue, which these bonds did not reveal to be untrue. It is then alleged that the effect of the decisions rendered in the Bristow Battery Co. Case and the Eaton Case, supra, was to overrule each and all of the former holdings of that court and to annul, impair, invalidate and confiscate the property of complainant, to-wit: its $50,000 of bonds; that unless the four defendant taxpayers of said city who brought said suit in the Creek County district court to recover their taxes are restrained from enforcing the judgment which they recovered on reversal by the Supreme Court, and the other defendants whose official duties are to levy and collect taxes to pay interest on said bonds and provide a sinking fund are also restrained from refusing to perform their public duties in that respect, the complainant will be deprived of its property without due process of law; that because of said decisions of the State Supreme Court in the Eaton and Bristow Battery Co. Cases the district court of Creek County will follow those decisions in like cases in the future and all taxpayers of said city will be permitted to recover taxes which they may pay, levied to meet the interest and create a sinking fund in discharge of said bonded indebtedness. It is further alleged that this proceeding arises under the Constitution and laws of the United States of America, especially the Fourteenth Amendment to the Constitution and section 10 of article 1 of the Constitution. The answer in addition to joining issue on the merits challenged the court's jurisdiction.

The case went to final hearing and decree was entered as prayed, enjoining the four

defendant taxpayers "from asserting or in any manner enforcing, or attempting to enforce the judgment and decree of the district court of Creek County rendered in cause styled Bristow Battery Company et al. v. James E. Payne, County Treasurer et al. and the judgment and decree of the supreme court of the State of Oklahoma rendered in said cause on appeal to said court, styled Bristow Battery Company et al. v. Payne et al. No. 17035, and reported in 123 Okl. at page 137, 252 P. 423." The decree also commanded the other defendants, who are officials of said city and of Creek County, to make the necessary annual levies to pay the accruing interest on said bonds and to provide a sinking fund to pay the principal at maturity.

█ Clearly, the contract clause (art. 1, § 10) is not here involved. No claim is made that the State or city passed a law or enacted an ordinance after these bonds were issued impairing their obligation. Tidal Oil Co. v. Flanagan, 263 U. S. 444, 451, 44 S. Ct. 197, 68 L. Ed. 382.

█ We recently held in St. L.-S. F. Ry. Co. v. Blake (opinion filed Dec. 9, 1929) 36 F.(2d) 652, which was an action by a taxpayer to recover taxes levied under circumstances like those in the Bristow Battery Co. and Eaton Cases, that the holders of funding bonds were necessary parties, and if not parties the validity of their bonds could not be adjudged, insofar as their rights were concerned. Rogers County was not a party to either the Eaton Case or the Bristow Battery Co. Case. It is in no manner bound by the judgment in either and is as free to ask protection of its rights in the courts of the State now, as it was before those cases were decided. Neither of those judgments has deprived it of its property.

█ Moreover, conceding, without deciding, that the State Supreme Court departed from and changed the prior established rule in that State in all of the respects claimed by appellee in its ruling in the Bristow Battery Co. and Eaton Cases, that fact, if it be a fact, does not present a Federal question. Even if appellee had been a party in the two causes in the State Supreme Court the rulings of the court in those cases would not have deprived it of its property without due process, much less can that claim be sustained under the facts stated. "When the parties have been fully heard in the regular course of judicial proceedings, an erroneous decision of a state court does not deprive the unsuccessful party of his property without due process of law, within the fourteenth amendment of the con-

stitution of the United States." Central Land Co. v. Laidley, 159 U. S. 103, 112, 16 S. Ct. 80, 83, 40 L. Ed. 91. In Patterson v. Colorado, 205 U. S. 454, 460, 461, 27 S. Ct. 556, 557, 51 L. Ed. 879, 10 Ann. Cas. 689, we find this:

"It is argued that the decisions criticized, and in some degree that in the present case, were contrary to well-settled previous adjudications of the same court, and this allegation is regarded as giving some sort of constitutional right to the plaintiff in error. * * * Even if it be true, as the plaintiff in error says, that the Supreme Court of Colorado departed from earlier and well-established precedents to meet the exigencies of this case, whatever might be thought of the justice or wisdom of such a step, the Constitution of the United States is not infringed. It is unnecessary to lay down an absolute rule beyond the possibility of exception. Exceptions have been held to exist. But, in general, the decision of a court upon a question of law, however wrong and however contrary to previous decisions, is not an infraction of the 14th Amendment merely because it is wrong or because earlier decisions are reversed."

And at page 459 of 205 U. S., 27 S. Ct. 557:

"The requirement in the 14th Amendment of due process of law does not take up the special provisions of the state Constitution and laws into the 14th Amendment for the purposes of the case, and in that way subject a state decision that they have been complied with to revision by this court."

In Tracy v. Ginzberg, 205 U. S. 170, 27 S. Ct. 461, 463, 51 L. Ed. 755, the court said:

"The Fourteenth Amendment did not impair the authority of the states, by their judicial tribunals, and according to their settled usages and established modes of procedure, to determine finally, for the parties before them, controverted questions as to the ownership of property, which did not involve any right secured by the Federal Constitution, or by any valid act of Congress, or by any treaty"

In Bacon v. Texas, 163 U. S. 207, 16 S. Ct. 1023, 1029, 41 L. Ed. 132, section 10 of article 1, U. S. Constitution, was under consideration. After noting that in suits brought on negotiable bonds in a United States court the Supreme Court on appeal therefrom would give effect to decision of the State court rendered prior to the issuance of the bonds rather than to later decisions changing the prior ruling in said State court, then said:

"This court has no jurisdiction to review a judgment of a state court made under precisely the same circumstances, although such state court thereby decided that the state legislation was void which it had prior thereto held to be valid. It has no such jurisdiction, because of the absence of any legislation subsequent to the issuing of the bonds which had been given effect to by the state court. In other words, we have no jurisdiction, because a state court changes its views in regard to the proper construction of its state statute, although the effect of such judgment may be to impair the value of what the state court had before that held to be a valid contract."

In substance, the bill of complaint asks a Federal court to review the rulings of the State Supreme Court in cases to which complainant was not a party, and to hold that the Supreme Court was in error. Such a contention does not present a Federal question. There was no power in the Federal court below to enter upon the review. It acted without jurisdiction over the controversy. Reversed and remanded with direction to vacate the decree and dismiss the bill.

COTTERAL, Circuit Judge, dissents.