### BRISTOW BATTERY CO. et al. v. BOARD OF COM'RS OF ROGERS COUNTY, OKL.

#### No. 67.

Circuit Court of Appeals, Tenth Circuit.

March 1, 1930.

Adelbert Brown, of Oklahoma City, Okl., and Redmond S. Cole, of Tulsa, Okl. (Brown & Stater, of Oklahoma City, Okl., W. F. Pardoe, of Sapulpa, Okl., and S. A. Denyer, of Drumright, Okl., on the brief), for appellants.

M. E. Jordan, of Tulsa, Okl., and N. B. Johnson, of Claremore, Okl. (Lydick, McPherren & Jordan, of Oklahoma City, Okl., on the brief), for appellees.

Valjean Biddison, of Tulsa, Okl., and James G. Martin and Thomas E. Elcock, both of Wichita, Kan., amici curiæ.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

Counsel for appellee contend that the judgment in Bristow Battery Co. et al. v. Payne, 123 Okl. 137, 252 P. 423, adjudged that the Drumright bonds held by appellee were invalid. With this statement, I cannot agree. Not only was appellee not a formal party to the record in that case, but the judgment therein did not purport to operate either against the person or upon the property of appellee, except in the particular hereinafter noted. It did not undertake to impair or abridge the right of appellee, in any appropriate proceeding, to establish the validity of its bonds, to compel the levy of taxes to pay the principal of, and interest on such bonds, or otherwise to enforce the payment of such bonds. The opinion in Bristow Battery Co. v. Payne, supra, would militate against appellee in such a proceeding as a judicial precedent under the rule of stare decisis and not as an estoppel under the doctrine of res adjudicata. While the opinion passed upon the validity of the bonds, as a judicial precedent, the judgment in favor of the Bristow Battery Company and other taxpayers, plaintiffs in the state court proceeding, although predicated upon such opinion, adjudged only that such taxpayers should recover certain amounts of money from the county treasurer and not that the bonds were invalid. This judicial opinion may have seriously impaired the market value of the bonds. But an opinion by the Supreme Court of Oklahoma holding that other bonds, issued under like facts and law as the bonds in the instant case, were void (as for example Eaton v. St. L.-S. F. R. Co., 122 Okl. 143, 251 P. 1032), would likewise impair the market value of the bonds of appellee, and yet no one would contend that an opinion, such as the one last mentioned, would deny appellee due process of law. I think the two cases are not distinguishable.

I agree that the Oklahoma court should not have proceeded in the absence of appellee and other bondholders in Bristow Battery Co. v. Payne, supra, but by proceeding therein, it denied appellee due process of law, if at all, only to the extent that it attempted to render judgment against appellee operating upon its interest in the fund created by the special tax levy.

It may be that the judgment in favor of the taxpayer in Bristow Battery Co. v. Payne, to the extent of appellee's proportionate interest in the fund created by the

special levy (see St. L.-S. F. Ry. Co. v. Blake (C. C. A. 10) 36 F.(2d) 652), undertook to deprive appellee of its property without due process of law and that appellee, if other jurisdictional requirements were present, might have timely invoked the aid of a federal court to enjoin the enforcement of that judgment to the extent of its interest in the fund. But that question is not presented on this record and need not now be decided. It is true that the bill prayed that the Bristow Battery Company and the other parties plaintiff in Bristow Battery Co. v. Payne, supra, be enjoined from enforcing the judgment in that action and that, in the decree appealed from, the trial court did enjoin the enforcement of that judgment. The difficulty is that the judgment had been paid and satisfied by the county treasurer prior to the bringing of the instant suit, and the decree below merely enjoined the enforcement of an executed judgment.

It does not follow that, because the appellee might have been entitled to relief in a federal court against the judgment actually entered in Bristow Battery Co. v. Payne, supra, by a suit timely brought, the doors of the federal courts were broadly opened to the appellee to prosecute therein every action to enforce its rights in respect to the bonds.

Appellee at all times has been free to prosecute an action for judgment against the city of Drumright on the bonds and interest coupons, to compel levies to pay the bonds and interest coupons, and to otherwise enforce them, unimpeded by any judgment as distinguished from judicial precedent of the state courts of Oklahoma.

It is my opinion that, under the facts in the instant case, appellee must find its remedy in such state courts and that the petition should be denied.